UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKETED

FILED
CLERKS OFFICE

CHARLES FOX,
Petitioner,

v.

HARLEY LAPPIN, Director of the Federal Bureau of Prisons and DAVID L. WINN, Warden,
Respondents.

No. 05-40106WGY

DOCKETED

**PETITION FOR A DECLARATORY JUDGMENT UNDER 28 U.S.C. §§ 1331 and 2201 AND FOR A WRIT OF MANDAMUS AND PRELIMINARY INJUNCTION**

There's an old trial lawyers story about the cop who kept finding bodies of hoboes murdered out by the railroad tracks. Their bodies were all beat up. He had this elaborate theory of a cult murderer whose father had been a bum and who was seeking revenge for a deprived childhood. The cop spent all his time out by the tracks looking for the killer.

What happened?

He got hit by a train on the blind curve, just like the bums. The moral: "don't go looking for the elaborate when the obvious will do." Sure there are a lot of things that could have happened. Stick to the probability.

Petitioner Charles Fox (Petitioner), acting _pro se_, respectfully submits that the Federal Bureau of Prisons (BOP) is wrongly applying his classification under 18 U.S.C. § 4042(c). Petitioner asks for a Declaratory Judgment under 28 U.S.C. §§



1331 and 2201 and for a writ in the nature of mandamus pursuant to 28 U.S.C. 1361 and moves for a temporary restraining order and a preliminary injunction under Fed.R.Civ.P. 65(b).

Petitioner avers that the elaborate interpretation by the BOP of 18 U.S.C. § 4042(c) that classifies him as a "sex offender" from an over 25 year old State conviction is missing the obvious interpretation of § 4042(c) that only a current federal offense for which [a federal prisoner] is incarcerated may trigger a Public Safety Factor (PSF) for sex offender. Petitioner asks the Court to restrain and enjoin the BOP from applying the provisions of 18 U.S.C. § 4042(c) and remove his PSF as a sex offender.

As a threshold matter, Senior District Judge Irenas, (U.S. District Court, D. New Jersey), has recently ruled that a federal prisoner could not be classified as a "sex offender" based on a prior state conviction. See Simmons v. Nash, 361 F.Supp.2d 452 (D.N.J. 2005), attached as Exhibit "A". Petitioner incorporates the holdings of Simmons as if fully set forth herein. Petitioner repeats the parts necessary to deciding this Petition.

**BACKGROUND**

Petitioner is serving a sentence of 37 months for a violation of Title 18 U.S.C. § 922(g)(1), the ex-felon in possession of a firearm that traveled interstate. Petitioner has approximately 7½ months left to serve on this sentence, which includes no halfway house.

Petitioner has a State Conviction for a sex offense that is over 25 years old. Because of this conviction, the BOP classifies him as a "sex offender" and assigns him a PSF as a sex offender.*

Petitioner is serving his sentence at the Federal Medical Center in Ayer, MA (FMC Devens). Last year, the BOP Northeast Regional Office devised a mandatory program for sex offenders called the Sex Offender Management Program (SOMP). Because of petitioner's PSF for sex offender, he is arbitrarily placed into this program.

Petitioner was recently refused a six month halfway house for refusing to sign papers in regard to SOMP. Petitioner has not had one Incident Report during his incarceration. Petitioner has completed all work assignments and basically minds his own business.

Petitioner is filing his Administrative Remedies to remove his PSF. Those efforts have proven futile for more than a few prisoners that the Petitioner has seen. Petitioner has a liberty interest here, with 7½ months left to serve on his federal sentence.

Petitioner asks the Court to agree with Senior District Judge Irenas, <u>see</u> Exhibit "A:, and rule that the Petitioner is wrongly classified. As such, he asks for his Public Safety Factor for sex offender be removed.

---

* Public Safety Factors are found in BOP Policy Statement 5100.07. The reason for a PSF is "[t]here are certain factors which require increased security measures to ensure the protection of society." <u>Id.</u> Chapter 7, p. 1. A PSF can be for a Disruptive Group, Sex Offender, Deportable Alien, Threat to Government Officials, and a number of other reasons so listed. Only the Regional Director or designee is authorized to waive a PSF.

**DISCUSSION**

"A person is classified as a sex offender if the person was convicted of any federal offenses specified in § 4042(c)(4)(A)(D), or of [a]ny other offense designated by the Attorney General as a sexual offense for the purposes of this subsection." § 4042(c)(4)(E), Simmons v. Nash, supra, at 454. (quotations omitted).

"Further interpretation of § 4042(c) can be found in BOP Program Statement 5141.02 which identifies both the current and past convictions as possible triggers for the notification reguirement." Id. (citation omitted). "This Program Statement applies to any prisoner in the Bureau's custody who is: ... classified with a Public Safety Factor (PSF) - Sex Offender by the Bureau based upon a past or current offense." ... "t]his Program Statement is consistent with the regulation found at 28 C.F.R. § 571.72. Id. (citations omitted).

Petitioner claims here, like in Simmmons, that the BOP has exceeded its statutory authority and improperly applied § 4042(c) by identifying him as a "sex offender" and indicating that it will provide notice pursuant to the Statute, thus implicating state and federal registration.

To the extent that Petitioner challenges the BOP interpretation of § 4042(c), his claim would be based on 5 U.S.C. § 702 of the Administrative Procedure Act (APA). Agency action must be final to be subject to review.

As Petitioner has stated ante, the BOP has refused to remove his Public Safety Factor for sex offender. And as also stated ante, Petitioner has seen other prisoners exhaust their administrative remedies in an effort to remove their Public Safety factor and those efforts are futile. Still, Petitioner is in the process of those remedies.

Since the Petitioner's scheduled release is 7½ months away, and because the BOP just rejected Petitioner for any halfway house because of his choosing to exercise his rights to not "volunteer" for the voluntary parts of SOMP, the BOP's classification of Petitioner as a "sex offender" is a final decision for purposes of judicial review. See Estrella v. Menifee, 275 F.Supp.2d 452, 461 (S.D.N.Y. 2003); see also Lunney v. United States, 319 F.3d 550, 554 (2nd Cir. 2003).

As Judge Irenas opined: "[s]ince 18 U.S.C. § 4042(c) does not vest the Attorney General with authority to determine whether the statutory language applies only to the current crime of conviction or to prior convictions as well, the exception to jurisdiction in 5 U.S.C. § 702(a)(2) does not apply." 361 F.Supp.2d 455 (footnote omitted). Thus, this Court has jurisdiction to hear this petition.

Petitioner asks the Court here to find that the BOP has mistakenly and without authority, construed § 4042(c) more expansively than Congress intended by considering Petitioner's entire criminal history. The Fifth Circuit came to the same conclusion in Henrikson v. Guzik, 249 F.3d 395 (5th Cir. 2001),

analyzing a petitioner's claim that he had been wrongly classified by the BOP as a violent offender under § 4042(b) based on a prior offense, other than the offense for which he was serving his sentence. The Fifth Circuit held that Congress had intended § 4042(b) to require notification only if the prisoner's current conviction meets the statutory criteria. 249 F.3d at 396.

Judge Irenas concluded that "[g]iven the similarity of statutory language and the specific cross reference to § 4042(b)(2), the Henderson analysis seems equally valid when applied to § 4042(c). 361 F.Supp.2d at 456. And as further stated: "[t]o the extent that they [BOP's implementation of § 4042(c)(4)(E) through 28 C.F.R. § 571.72 and P.S. 5141.02] include as designated offenses convictions other then the current, federal offense for which the prisoner is incarcerated, these regulations are invalid." Id. at 457.

Petitioner, as stated ante, has had no Incident Reports in his incarceration. He has taken a six month computer class, the 40 hour Drug Program, all pre-release classes, a 10 hour personal finance class, a 15 hour NOVA series class and has had all good work reports. In addition, Petitioner is paying FRP Child Support. Yet, because of the BOP's erroneously classifying him as a sex offender, he was denied any halfway house. This is unfair and wrong.

Petitioner asks the Court to grant preliminary relief under Fed.R.Civ.P. 65(b) and then to issue a writ after full consideration on the merits. Such a consolidation is appropriate

where, as here, "the relevant facts are undisputed, exigent circumstances exist and the granting of preliminary injunctive relief will effectively give the moving party all of the relief it would obtain after trial on the merits." 42 Am.Jur.2d Injunctions § 263 (2003). See Kickapoo Traditional Tribe of Texas v. Chacon, 46 F.Supp.2d 644 (W.D. Tex. 1999). In support of this request, Petitioner attaches a Declaration. See attached exhibit "B".

Petitioner contends that a liberty interest exists in this case because had Petitioner been granted a six or five month halfway house, he would be closer to his home and better able to readjust to society. In addition, he would be able to contribute more to his Child Support and his family.

Further, the propriety of jurisdiction under § 1361 is clear on the face of the statute, which grants the district courts "original jurisdiction [over] any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Thus, subject matter jurisdiction under the invoked statute is therefore proper.

Petitioner asks that the Court find that law and justice require that the Petitioner not be subject to a policy based in an erroneous statutory interpretation and that the Court invoke its power under the 28 U.S.C. § 1651, the All Writs Act, to issue a writ of mandamus compelling the BOP to remove the Public Safety factor.

Moreover, Petitioner asks that the Court order the BOP restrained and enjoined from applying the provisions of 18 U.S.C. § 4042(c) and compell the BOP to act promptly and in good faith to remove Petitioner's Public Safety Factor as a sex offender.

## CONCLUSION

The petition should be granted.

Respectfully submitted,
Charles M. Fox
Charles Fox, pro se
Reg. No. 02972-088
FMC Devens
P.O. Box 879
Ayer, MA 01423-0879
Dated: June 14, 2005

## CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed postage prepaid first class to: Mr. Harley Lappin, Director, 320 N.W. First Street, Washington, D.C. 20534 by placing in the prison legal mailbox this 21 day of June, 2005.

Charles Fox
Charles Fox

I also certify that a copy of the foregoing has been mailed to: David L. Winn, Warden, FMC Devens, Ayer. MA by depositing in the prison legal mailbox marked Special Mail this 21 day of June, 2005.

Charles Fox
Charles Fox

GRANTED as to Defendants Central Title Agency and Jay Phillips.




Immanuel SIMMONS, Petitioner,

v.

John NASH, Warden, Respondent.

Civil Action No. 04–1334(JEI).

United States District Court, D. New Jersey.

March 30, 2005.

Background: Federal inmate convicted of [illegible] filed petition for writ of habeas corpus contesting his classification by Federal Bureau of Prisons (BOP) as [illegible].

Holdings: The District Court, Irenas, Senior District Judge, held that

(1) court would reclassify petition as declaratory judgment action, and

(2) prisoner could not be classified as "sex offender" based on prior state conviction.

Ordered accordingly.

1. Declaratory Judgment ⇔272

Declaratory Judgment Act is not independent grant of jurisdiction. 28 U.S.C.A. § 2201.

2. Administrative Law and Procedure ⇔704

Agency action must be final to be subject to judicial review pursuant to Administrative Procedure Act (APA). 5 U.S.C.A. § 702.

3. Declaratory Judgment ⇔314
Habeas Corpus ⇔666, 691.1

Although federal prisoner's pro se challenge to his classification by Federal Bureau of Prisons (BOP) as sex offender was not properly classified as petition for writ of habeas, court would reclassify it as declaratory judgment action, rather than dismiss it, where BOP's classification was final decision, and prisoner's release was imminent. 28 U.S.C.A. §§ 1331, 2201; 18 U.S.C.A. § 4042.

4. Statutes ⇔219(2, 4)

When statute is silent or ambiguous, courts must defer to responsible administrative agency's interpretation so long as that interpretation is based on permissible construction of statute.

5. Statutes ⇔190

Statute that is not ambiguous must be given its unambiguously intended effect by courts.

6. Mental Health ⇔469(2, 5)

Federal prisoner could not be classified as "sex offender," for purposes of statute requiring Bureau of Prisons (BOP) to give notice of sex offender's release, based on prisoner's prior state conviction; classification could only be based on offense for which prisoner was currently serving sentence. 18 U.S.C.A. § 4042(c); 28 C.F.R. § 571.72.

West Codenotes

**Held Invalid**

28 C.F.R. § 571.72

---

Immanuel Simmons, Kintock, Newark, NJ, Petitioner Pro Se.

John Andrew Ruymann, Office of the U.S. Attorney, by John Andrew Ruymann, Esq., Trenton, NJ, for Respondent.

## OPINION

IRENAS, Senior District Judge.

Presently before this Court is the Petition for Writ of Habeas Corpus under 28



U.S.C. § 2241 by Immanuel Simmons ("Petitioner"), who is currently serving a sentence for a federal narcotics conviction. Petitioner is contesting his classification by the Federal Bureau of Prisons ("BOP") under 18 U.S.C. § 4042(c) as a sex offender, a classification which triggers certain notice and registration requirements.

A prisoner is classified as a sex offender if such person "was convicted of" certain enumerated offenses. § 4042(c)(4). The core issue in this case is whether a prisoner can be classified as a sex offender under § 4042(c) based solely on the crime for which he is currently serving time, or whether such classification can be based on a prior federal or state conviction. For the reasons set forth below, the Court holds that Petitioner cannot be classified as a sex offender pursuant to § 4042(c) based on a 1983 New York State conviction.

I.

On August 20, 1997, Petitioner was sentenced by the United States District Court for the Southern District of Florida to a term of 120 months imprisonment after he was found guilty of conspiracy to manufacture and possess marijuana, in violation of 21 U.S.C. § 846, and manufacturing and possessing marijuana with the intent to distribute marijuana, in violation of 21 U.S.C. § 841. (Pet., at p. 2; Resp't Answer, at p. 2.) Petitioner appealed his sentence. The Eleventh Circuit denied his appeal on July 2, 1999. Assuming Petitioner receives all available Good Conduct Time, his projected release date is April 23, 2005.

Over twenty years ago, on July 13, 1983, Petitioner was sentenced by the New York Supreme Court to a term of nine months imprisonment after Petitioner pled guilty to the offense of attempted promotion of prostitution, in the second degree, N.Y.P.L. § 230.30(2). (Pet'r Mem., at p. 1.) According to Respondent, Petitioner's crime involved the advancement of and profiting from the prostitution of a 14 year old girl.[1]

Based on this 1983 conviction, Petitioner was initially deemed ineligible for early release upon completion of a Drug Abuse Program. On August 6, 2001, after Petitioner filed for an administrative remedy with the regional [illegible] and supplied documentation regarding his New York conviction and New York law, he was ultimately deemed eligible for early release.[2] (Pet'r Mem., at p. 2.)

The BOP also classified Petitioner as a "sex offender" based on the New York conviction. Such a classification under 18 U.S.C. § 4042(c) creates a notice requirement. At some point, the BOP informed Petitioner that it intended to provide notification under § 4042(c). (Pet'r Mem., at p. 4–5.) Since July 23, 2003, Petitioner has pursued administrative remedies,[3] asserting that (1) the notice scheme of § 4042(c) is triggered only by the offense for which a prisoner is currently incarcerated; and (2) even if past convictions could trigger the notice requirement, his New York conviction is not, substantively, of the type that would trigger § 4042. He has also claimed constitutional violations under the Ex Post Facto Clause and the Due Process Clause.

1. We have examined the Pre-Sentence Investigation Report, which was filed under seal by Respondent.

2. On August 12, 2004, the Drug Abuse Program granted early release pursuant to 18 U.S.C. § 3621(e). Petitioner contends that if this issue had been resolved when he first raised it in October, 1998, he could have been released in October, 2003.

3. Respondent concedes that Petitioner has exhausted his administrative remedies. (Resp't Answer, at p. 5.)

Case 4:05-cv-40106-WGY Document 1-2 Filed 06/23/2005 Page 10 of 12



II.

The BOP is mandated by 18 U.S.C. § 4042(c) to provide notice of the release of a prisoner who "was convicted of" certain specified sexual offenses. The BOP is [illegible] to give notice to the law enforcement offices of the State and local jurisdictions in which the sex offender will reside. § 4042(c)(1). The BOP's notice must include the person's name, his criminal history, any restrictions on conduct or any other conditions of release, where he will reside, and information that he is subject to [illegible] requirement as a sex offender. § 4042(c)(2).

A [illegible] is classified as a sex offender if the person was convicted of" any [illegible] in § [illegible](A)-(D), [illegible] any other offense designated by [illegible] as a sexual offense for the purposes of this subsection." § 4042(c)(4)(E).

The Attorney General has delegated to [illegible] of the BOP the authority to [illegible] the additional crimes which [illegible] trigger sex offender classification. 28 C.F.R. § 571.71. These additional offenses designated by the Director are found in 28 C.F.R. § 571.72 and include "[illegible] offense under the law of any jurisdiction that involved" a broadly described [illegible] of illegal sexual conduct. By referring to crimes committed "under the law of any jurisdiction," the regulation appears to interpret § 4042(c) to permit classification [illegible] a sex offender based on previous convictions, since a prisoner in a federal institution would not be serving time for a state offense. Whether this is a permissible interpretation of the statutory language is at the core of this case.

Further interpretation of § 4042(c) can be found in BOP Program Statement 5141.02, which identifies both the current and past convictions as possible triggers for the notification requirement. FEDERAL BUREAU OF PRISONS, U.S. DEPARTMENT OF JUSTICE, PROGRAM STATEMENT 5141.02 (Dec. 14, 1998). "This Program Statement applies to any prisoner in the Bureau's custody who is: . . . classified with a Public Safety Factor (PSF)—Sex Offender by the Bureau based upon a past or current offense." P.S. 5141.02, at 6. This Program Statement is consistent with the regulation found at 28 C.F.R. § 571.72.

III.

Petitioner claims that the BOP has exceeded its statutory authority and improperly applied § 4042(c) by identifying him as a "sex offender" and indicating that it will provide notice pursuant to the Statute, thus implicating state and federal registration programs. Respondent first questions whether this Court has jurisdiction to hear this matter under the Habeas statute, 28 U.S.C. § 2241.

In *Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir.1998), the Third Circuit upheld the district court's finding that it lacked subject matter jurisdiction over the habeas petition of a prisoner who challenged the BOP's classification pursuant to 18 U.S.C. § 4042(b).[4] However, the Third Circuit reversed the district court's dismissal and converted the habeas petition into a more appropriate mechanism for relief, a request for a declaratory judgement. *Id.*

The Third Circuit noted that a mere "mislabeling" of a suit as a habeas petition when it should more appropriately have been brought as a civil rights suit "is not determinative." *Id.* It is within the Court's discretion to grant leave to amend the petition or to convert the petition into the proper request for relief, especially in pro se litigation. *Id.* The Third Circuit converted the petition into an action seeking a declaratory judgement, under 28 U.S.C. §§ 1331 and 2201, and decided the case on the merits. *Id.*

[1] The Declaratory Judgment Act, is not an independent grant of jurisdiction. Federal question jurisdiction under § 1331 must have an independent source. There are two ways in which a petitioner can raise a federal question which would provide federal question jurisdiction to seek a declaratory judgment under § 2201: (i) to the extent that a petitioner raises constitutional challenges to the BOP classification, his recourse is an action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), against the prison officials responsible for classifying him and sending notice; or (ii) to the extent a petitioner challenges the BOP interpretation of § 4042(c), his claim would be based on 5 U.S.C. § 702 of the Administrative Procedure Act ("APA"). *See Estrella v. Menifee*, 275 F.Supp.2d 452, 461 (S.D.N.Y.2003).

[2] Agency action must be final to be subject to judicial review. *Id.* at 461; *see also Lunney v. United States*, 319 F.3d 550, 554 (2d Cir.2003) ("The APA authorizes only a challenge to a 'final' action of an 'agency.' "). Petitioner's scheduled release date is only weeks away, so that the BOP's classification of Petitioner as a "sex offender" is a final decision for purposes of judicial review. Since 18 U.S.C. § 4042(c) does not vest the Attorney General with authority to determine whether the statutory language applies only to the current crime of conviction or to prior convictions as well, the exception to jurisdiction in 5 U.S.C. § 701(a)(2)[5] does not apply. *See M.B. v. Quarantillo*, 301 F.3d 109, 111–12 (3d Cir.2002). Nor is the court aware of any statutory mandate which would bar judicial review of such a determination. *See* 5 U.S.C. § 701(a)(1).[6]

[3] Consistent with *Royce*, the Court finds that there is federal question jurisdiction, and this matter may proceed as an action for declaratory judgment under 28 U.S.C. § 2201.

IV.

The BOP has erroneously, and without authority, construed § 4042(c) more expansively than Congress intended by considering a prisoner's entire criminal history.

1.

[4, 5] *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), [illegible] that when a statute is [illegible] lent or ambiguous, the courts must [illegible] to the responsible administrative agency's interpretation so long as that interpretation is "based on a permissible construction of the statute." A statute that is not ambiguous, however, must be given its unambiguously intended effect by the courts, as well as by the agency. *Id.* at 842–43, 104 S.Ct. 2778. At issue in this case is whether the BOP's statutory interpretation found in 28 C.F.R. § 571.72, and the corresponding P.S. 5141.02, give § 4042(c) the effect that Congress plainly intended.

2.

*Henrikson v. Guzik*, 249 F.3d 395 (5th Cir.2001) analyzed a petitioner's claim

4. This case arose under § 4042(b), which provides for classification of a prisoner who "was convicted of" certain described drug trafficking crimes or crimes of violence. Like § 4042(c) it too provides for notice to law enforcement of the release of such a prisoner.

5. Judicial review is not available if "(2) agency action is committed to agency discretion by law."

6. Judicial review is not available if "(1) [illegible] utes preclude judicial review."

Case 4:05-cv-40106-WGY Document 1-2 Filed 06/23/2005 Page 11 of 12



that he had been wrongly classified by the BOP as a violent offender under § 4042(b) based on a prior offense, other than the offense for which he was serving his sentence.[7] The Fifth Circuit held that Congress [illegible] § 4042(b) to require notification [illegible] if the prisoner's current conviction meets the statutory criteria. *Id.* at 396.

In interpreting the Statute, the Fifth Circuit examined the three subsections of § [illegible]. Section 4042(b)(1) lays out the [illegible] scheme. The requirement of notification [illegible] only when a prisoner is released on [illegible] release or when [illegible] change of address while on [illegible] ends when super[illegible] and the full sen[illegible] served. The Fifth Circuit [illegible] notification scheme "seems [illegible] the sentence" and held [illegible] "illogical to impose the [illegible] requirement to run with the [illegible] crime that does not itself [illegible]." *Id.* at 398–99. A [illegible] can be found in [illegible].

[illegible] provides that the [illegible] "the prisoner's criminal [illegible] description of the of[illegible] the prisoner was convicted." [illegible] Circuit found that Congress [illegible]" intended for § 4042(b)(2)(B) "to refer to the current conviction, as it was obviously clarifying that it intended 'criminal history' to include the current conviction." *Id.* at 399. Section 4042(c)(2) specifically cross references § 4042(b)(2) for the contents of the notice.

Section 4042(b)(3) defines which prisoners are subject to this notice scheme: "A prisoner is described in this paragraph if the prisoner was convicted of ...." § 4042(b)(3). The court found the language of § 4042(b)(3), "if the prisoner was convicted of," to "implicitly refer to a single event—the current conviction." *Id.* at 399. The Fifth Circuit noted that if Congress had intended for a prisoner's past convictions to serve as a trigger for § 4042(b)'s notice requirement, it would have used "words such as 'if the prisoner *has been* convicted of.'" *Id.* The "was convicted of" language is also found in § 4042(c)(4).

After "[a]n examination of the statute's text and overall scheme," the Fifth Circuit concluded that the clear intent of Congress and the plain meaning of the Statute "was only [to] require[ ] the Bureau to notify if the prisoner's current conviction was for a crime of violence or a drug trafficking crime." *Id.*[8] Given the similarity of statutory language and the specific cross reference to § 4042(b)(2), the *Henrikson* analysis seems equally valid when applied to § 4042(c).

[6] The similarity of § 4042(b) and § 4042(c) and the logic of *Henrikson* lead this Court to hold that § 4042(c) is not ambiguous and clearly provides that only the current, federal offense can act as a trigger for the notification requirement. The BOP's implementation of § 4042(c)(4)(E) through 28 C.F.R. § 571.72 and P.S. 5141.02 must adhere to the plain meaning of the Statute. To the extent that they include as designated offenses convictions other than the current, federal offense for which the prisoner is incarcerated, these regulations are invalid.

3.

Section 4042(c)(4)(A)-(D) lists offenses that would call for a classification of "sex offender," all of which are federal crimes.[9] This list of specific federal offenses is followed by § 4042(c)(4)(E), which provides that additional offenses may be "designated by the Attorney General as a sexual offense for the purposes of this subsection." This authority was delegated to the Director of the BOP who exercised it with the adoption of 28 C.F.R. § 571.71 and P.S. 5141.02. Section 571.71 included in its listing certain types of sexual offenses "under the law of any jurisdiction."

The doctrines of *noscitur a sociis* and *ejusdem generis* can be helpful in analyzing whether the regulations implementing § 4042(c)(4)(E) properly included state law convictions. *See* 2A NORMAN J. SINGER, SUTHERLAND STATUTES AND STATUTORY CONSTRUCTION §§ 47:16–17 (6th ed.2000) [hereinafter SUTHERLAND STATUTORY CONSTRUCTION]. In its practical application, *noscitur a sociis* "means a word may be defined by an accompanying word, and ordinarily the coupling of words denotes an intention that they should be understood in the same general sense." *Id.* at § 47:16; *see also Jarecki v. G.D. Searle & Co.*, 367 U.S. 303, 307, 81 S.Ct. 1579, 6 L.Ed.2d 859 (1961) ("The maxim *noscitur a sociis* [illegible] wisely applied where a word is capable of many meanings in order to avoid the giving of unintended breadth to the Acts of Congress").

*Ejusdem generis* expresses the idea that general words which follow specific words in a statutory enumeration are interpreted so that "the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words." *Id.* at § 47:17; *see also Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 114–15, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001).[10]

7. While *Henrikson* involved § 4042(b), which [illegible] notice provisions for released prisoners convicted of drug trafficking and crimes of violence rather than sex offenses covered by § 4042(c), the relevant statutory language is almost identical. Respondent implicitly acknowledges the similarity by relying on *Estrella v. Menifee*, 275 F.Supp.2d 452 (S.D.N.Y. 2003), which, like *Henrikson*, ruled on § 4042(b). *Henrikson* also recognized that a petition under 28 U.S.C. § 2241 was inappropriate and treated the petition as a request for declaratory relief pursuant to 28 U.S.C. §§ 1331 and 2201. 249 F.3d at 397 n. 4.

8. While *Henrikson* ultimately found that the § 4042(b) was not ambiguous, it initially determined that the relevant Program Statement, P.S. 5110.12 (as in effect prior to August 30,2000, when it was superceded by P.S. 5110.15) was not entitled to *Chevron* deference (*Christensen v. Harris County*, 529 U.S. 576, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000)), but only to the more limited respect provided in *Skidmore v. Swift & Co.*, 323 U.S. 134, 140, 65 S.Ct. 161, 89 L.Ed. 124 (1944) and *Reno v. Koray*, 515 U.S. 50, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995). *Id.* at 397–98. Since P.S. 5141.02 is consistent with 28 C.F.R. § 571.72, which was adopted pursuant to Congressional direction contained in § 4042(c)(4)(E), *Chevron* deference might be appropriate if this Court were to find the relevant statutory language ambiguous. There is no comparable C.F.R. regulation implementing or construing § 4042(b)(3).

9. Section 4042(c)(4)(A)-(D) refer to the following federal crimes: 18 U.S.C. § 1201 (kidnaping, if it involves a minor victim), § 2241 (aggravated sexual abuse), § 2242 (sexual abuse), § 2243 (sexual abuse of a minor ward), § 2244 (abusive sexual conduct), § 2245 (sexual abuse resulting in death), § 2247 (repeat offenders), § 2251 (sexual exploitation of children), § 2251A (selling or buying of children), § 2252 (certain activities relating to material involving the sexual exploitation of minors), § 2252A (certain activities relating to material constituting or containing child pornography), § 2257 (record keeping requirements), § [illegible] (failure to report child abuse), § 2260 (production of sexually explicit depictions of a minor for importation into the United States), § 2421 (transportation generally), § 2422 (coercion and enticement), § 2423 (transportation of minors), § 2424 (filing factual statement about alien individual). *See* P.S. 5141.02. at 3.

10. Before utilizing these doctrines, a Court must first examine congressional intent. *See Jarecki*, 367 U.S. at 307, 81 S.Ct. 1579 (noscitur a sociis is not "an inescapable rule"); *N.J. Dep't of Envtl. Prot. and Energy v. Gloucester*

The more general "any other offense" in § 4042(c)(4)(E) should be interpreted to include only the same type or kind of crime as the specific offenses listed in § 4042(c)(4)(A)-(D). Thus, "any other offense" should be limited to federal offenses, and any additional offense designated by the Attorney General should be a crime under federal law.[11] Since § 4042(c) deals only with federal prisoners, state convictions by definition can refer only to prior convictions, not the conviction for which the prisoner is actually serving his sentence.

Limiting the authority of the Attorney General under § 4042(c)(4)(E) to designate only federal crimes is consistent with this Court's previous determination that the classification of a prisoner as a sex offender can only be based on the current crime of conviction. To the extent that 28 C.F.R. § 571.72 and P.S. 5141.02 purport to interpret § 4042(c)(4)(E) to include state convictions, this interpretation runs counter to congressional intent in adoption the statute.

4.

In support of its argument that the BOP's interpretation should stand as is, Respondent relies on two out-of-circuit district court decisions in which challenges similar to that of Petitioner's were dismissed. In *Montalvo v. Snyder,* 207 F.Supp.2d 581, 582 (E.D.Ky.2002), the petitioner claimed that the BOP "wrongly applied a sexual offender classification to him." The petitioner was serving a sentence on a federal firearm charge, but was classified based on a prior conviction of criminal sexual abuse under Illinois law.[12] *Id.* The court dismissed the petition, finding that the classification was appropriate and that his constitutional challenges were without merit. *Id.* at 586–88 (providing a detailed discussion of the petitioner's constitutional claims). The court did not even discuss a possible non-constitutional claim for a declaratory judgment under the APA. Its two references to *Henrikson* are murky. First, *Montalvo* reports that petitioner forwarded a copy of that opinion "in support of his Ex Post Facto claim," *id.* at 582, even though *Henrikson* makes no reference to that theory in its opinion.[13] Then, at the end of its opinion, the court suggests that *Henrikson* is distinguishable, but offers no discussion as to why.

Respondent also cites to *Estrella v. Menifee,* 275 F.Supp.2d 452 (S.D.N.Y. 2003), in which the district court found that a petitioner's APA-based claim for a declaratory judgment failed because there was no "final" agency action as required by 5 U.S.C. § 704. *Id.* at 461. The petitioner in that case was still in the middle of an 18 year sentence and his classification as a violent offender would be subject to repeated review during the remainder of his term. *Id.* at 462. As noted earlier, Petitioner in this case is soon due for release and the BOP action can fairly be described as final. To the extent that *Estrella* dismissed the constitutional claims raised by the petitioner, *id.* at 457–459, the case is irrelevant to the instant decision which is in no way based on any alleged constitutional violations.[14]

V.

For the reasons set forth above, the Petition will be converted from one seeking habeas corpus relief under 28 U.S.C. § 2241 to an action seeking declaratory relief under 28 U.S.C. §§ 1331 and 2201. For the reasons set forth above, this Court will enter a judgment in favor of the Petitioner declaring that classification as a sex offender for purposes of 18 U.S.C. § 4042(c) can only be based on the offense for which a federal prisoner is currently serving a sentence and that any such classification based on a prior state court conviction is inconsistent with congressional intent. Noting in this Opinion or the Order or Judgment entered pursuant hereto shall be deemed to affect the Petitioner's rights or obligations under any other state or federal law dealing with the registration of sex offenders or any notification requirements triggered by such registration.

## ORDER FOR DECLARATORY JUDGEMENT

This matter having appeared before the Court upon Immanuel Simmons' petition for relief, the Court having considered the submissions of parties, for the reasons set forth in an Opinion issued by this Court, which findings of fact and conclusions of law are incorporated herein by reference, and for good cause appearing,

**IT IS** on this *30th* day of **March, 2005,**

**ORDERED THAT:**

1. The Petition of Immanuel Simmons is **CONVERTED** from one seeking habeas corpus relief under 28 U.S.C. § 2241 to an action seeking declaratory relief under 28 U.S.C. §§ 1331 and 2201; and

2. A judgment is hereby **ENTERED** in favor of the Petitioner **DECLARING** that classification as a sex offender for purposes of 18 U.S.C. § 4042(c) can only be based on the offense for which a federal prisoner is currently serving a sentence and that any such classification based on a prior state court conviction is inconsistent with congressional intent; and

3. The Bureau of Prisons is hereby **RESTRAINED** and **ENJOINED** from applying the provisions of 18 U.S.C. § 4042(c) to the Petitioner, Immanuel Simmons.




**XÉLAN, INC., et al., Plaintiffs**

**v.**

**UNITED STATES of America, Defendant**

**No. RWT 04CV1863.**

United States District Court, D. Maryland.

March 14, 2005.

**Background:** Organization that offered federal income tax-reducing strategies to

---

Envtl. Mgmt. Svs., Inc., 866 F.Supp. 826 (D.N.J.1994) (regarding ejusdem generis). We have determined that the congressional intent in adopting § 4042(c) was to classify prisoners as sexual offenders based only on the offense for which a prisoner is currently serving a federal sentence.

11. In *Washington State Dep't of Soc. & Health Svs. v. Estate of Keffeler,* 537 U.S. 371, 382–83, 123 S.Ct. 1017, 154 L.Ed.2d 972 (2003). In *Washington State Dep't of Soc. & Health Svs.*, the Supreme Court examined a section of the Social Security Act that protected benefits from "execution, levy, attachment, garnishment, or other legal process." *Id.* Utilizing the cannons of noscitur a sociis and ejusdem generis, the Court held that " 'other legal process' should be understood to be process much like the processes of execution, levy, attachment, and garnishment. . . ." *Id.* at 385, 123 S.Ct. 1017.

12. The petitioner was convicted of Criminal Sex Abuse when he was 18 years old in Cook County Circuit Court and was sentenced to one year of supervision. *Id.* at 582.

13. Apparently, the Henrikson court found all petitioner's constitutional claims to be without merit. *Henrikson,* 249 F.3d at 397, n. 3.

14. Our holding in this case makes it unnecessary for the Court to consider Petitioner's argument that (i) applying 18 U.S.C. § 4042(c) to him violates his Constitutional rights under the Ex Post Facto Clause and the Due Process Clause or (ii) his New York conviction is not substantively one that should be classified as a sexual offense.