UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES FOX,              )  | |
|       Plaintiff,      ) | |
| ) | |
| v.                              ) | C.A. No. 05-40106-WGY |
| ) | |
| HARLEY LAPPIN, ET AL.,     ) | |
|       Defendants.     ) | |

MEMORANDUM AND ORDER

For the reasons stated below: (1) Plaintiff's Application to Proceed *in forma pauperis* is denied. Plaintiff is Ordered to pay the $250.00 filing fee within forty-two (42) days of the date of this Memorandum and Order; failing which, this action may be dismissed; (2) Notwithstanding the unresolved filing fee issue, the Court directs that summonses shall issue as to each of the Defendants, and directs that the United States Marshal shall bear all costs of service of the summonses; (3) The Federal Defender's Office shall enter an appearance as an amicus party, and shall file an amicus brief with respect to the issues presented, both in this action and in Barrera v. Winn, Civil Action No. 05-40107-RWZ.; and (4) The Complaint shall be served on the United States Attorney and counsel for Warden David Winn and FMC Devens, and a response shall be filed by no later than August 15, 2005, including a response to the Motion for a Temporary Restraining Order.

FACTS

On June 23, 2005, Plaintiff Charles Fox, a prisoner at FMC Devens serving a 37 month sentence for a violation of 18 U.S.C. § 922(g)(1), filed a "Petition for Declaratory Judgment Under 28 U.S.C. §§ 1331 and 2201 and for a Writ of Mandamus and Preliminary Injunction." Plaintiff names Warden Winn and the Bureau of Prisons (BOP) as defendants, and alleges the

BOP wrongly applied his classification under 18 U.S.C. § 4042(c), and seeks a declaratory judgment under § 2201, a writ of mandamus under 28 U.S.C. § 1361 and a Temporary Restraining Order under Rule 65(b) of the Federal Rules of Civil Procedure. Fox claims that the BOP's classification of him as a sex offender is based on a 25 year old state conviction. He contends that this is a misinterpretation of § 4042(c), and that the BOP may only use a current federal offense to trigger the Public Safety Factor for sex offender status. Plaintiff relies on the recent case Simmons v. Nash, 361 F. Supp. 2d 452 (D.N.H. March 30, 2005), which held that a federal prisoner could not be classified as a sex offender based on a prior state conviction.

Fox seeks a Temporary Restraining Order to enjoin the BOP from applying the provisions of § 4042(c), and to remove his sex offender classification. In support, Fox claims that he has 7.5 months left to serve on his federal sentence, which does not include a halfway house. He alleges the BOP Northeast Regional Office instituted a mandatory program for sex offenders (The Sex Offender Management Program (SOMP)), and because he is classified as a sex offender, he was placed into this program. He claims that he was refused a six-month halfway house because he refused to sign papers with respect to the SOMP, and that otherwise he has been a model prisoner. Fox claims that he has made efforts to exhaust administrative remedies within the prison, but that these efforts have proven futile, and he claims this classification constitutes a final decision for purposes of judicial review.

Fox includes a discussion of relevant law on this issue, relying primarily on Simmons. Following Simmons, he claims his challenge to the BOP interpretation of § 4042(c) is based on the Administrative Procedure Act (APA), 5 U.S.C. § 702. Fox further claims that the BOP mistakenly, and without authority, construed 18 U.S.C. § 4042(c) more expansively than

2

Congress intended, by considering his entire criminal history, rather than on the offense for which he is serving his sentence. He contends his liberty interest is at stake because, had he been granted time at a halfway house, he would be closer to his home and would have a better opportunity to adjust to society.

Plaintiff failed to pay any filing fee or file an Application to Proceed *in forma pauperis*. However, this Court was able to obtain the Plaintiff's prison account information from FMC Devens.

## ANALYSIS

I. The Filing Fee

The threshold issue presented to this Court is whether to construe this action as a habeas petition or a civil action in the nature of a complaint for declaratory judgment, or some other action. Following the line of cases construing challenges similar to that presented in this case as a Declaratory Judgment action rather than a habeas petition, this Court deems this action to be in the nature of a civil action. See Simmons, 361 F. Supp. 2d at 459 (converting habeas petition into Declaratory Judgment action); Estrella v. Menifee, 2003 WL 1912177(S.D.N.Y. 2003) (prisoner brought declaratory action challenging his classification under § 4042(b); Bunn v. Conley, 309 F.3d 1002 (7th Cir. 2002) (where Seventh Circuit reversed the District Court's re-characterization of a *pro se* federal prisoner's action for Declaratory Judgment seeking to prevent the warden from notifying local law enforcement of his release, pursuant to related § 4042(b), into a § 2241 habeas petition); See also, Henrikson v. Guzik, 249 F.3d 395 (5th Cir. 2001)(habeas corpus was improper vehicle for challenge to BOP interpretation; but challenge could be entertained as a declaratory judgment.); Montalvo v. Snyder, 207 F. Supp. 2d 581

3

(E.D. KY 2002)(prisoner challenge to BOP classification as sex offender based on prior state conviction treated as civil action (installment fee assessed pursuant to 28 U.S.C. § 1915); Bush v. Pitzer, 133 F.3d 455, 456-57 (7th Cir. 1997) (habeas relief not vehicle for prisoner assertion that an administrative official made a mistake in the implementation of a statute or regulation.); cf., Green v. Bureau of Prisons, 2002 WL 31548084(D. Minn. 2002)(denying motion to reconsider dismissal of § 2241 habeas petition challenging BOP classification as sex offender; specific issue of categorization of claim not addressed.

Indeed, Plaintiff himself has characterized his action as a Declaratory Judgment action. In view of the above, this Court finds the appropriate filing fee to be assessed is $250.00 (applicable to civil actions), as opposed to $5.00 (applicable to habeas petitions).

The next issue presented is whether Plaintiff qualifies for *in forma pauperis* status. A party bringing a civil action must either (1) pay the $250.00 filing fee when filing the complaint, or (2) file an Application to Proceed Without Prepayment of Fees. See 28 U.S.C. §§ 1914(a) (filing fees), 1915 (proceedings *in forma pauperis*). Where the plaintiff is a prisoner, an application for waiver of prepayment of the filing fee must be accompanied by a document certifying the amount of funds on deposit to the plaintiff's credit at his institution of incarceration. 28 U.S.C. § 1915(a)(2). Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the $250 filing fee, notwithstanding the grant of *in forma pauperis* status. Rather, prisoner plaintiffs must pay the full amount of the filing fee, although such payments may be made in installments, payable through their prison accounts in accordance with the provisions of § 1915(b).

Here, however, this Court obtained Plaintiff's prison account statement, indicating that he

has $1,833.19 in his account, and his average six month balance was $1,425.29 and an average of his six month deposits was $1,616.33. Based on this latter figure (as required under § 1915(b)(1)(A), Plaintiff does not qualify for *in forma pauperis* status. He clearly has the $250.00 available to pay the entire amount. In any event, if this Court were to assess the initial partial filing fee pursuant to § 1915 (i.e., 20% of his monthly deposits, or $323.27), that amount would exceed the filing fee of $250.00.

Accordingly, this Court denies Plaintiff's Application to Proceed in forma pauperis, and Orders that Plaintiff pay the full amount of the filing fee of $250.00 within forty-two (42) days of the date of this Order. Failure to comply with this directive may result in dismissal of this action.

II.     <u>Summonses shall issue</u>

Notwithstanding the unresolved filing fee issue, the Court directs that the Clerk shall issue summonses for each defendant, and the United States Marshal shall serve a copy of the summons, complaint, and this order upon defendant(s) <u>as directed by plaintiff</u> with all costs of service to be advanced by the United States.

III.    <u>The Federal Defender's Office May Appear as an Amicus Party</u>

The Federal Defender's Office shall enter an appearance as an amicus party, and shall file an amicus brief with respect to the issues presented by the Declaratory Judgment action challenging the BOP's interpretation and/or classification under 18 U.S.C. § 4042(c), both in this action and in <u>Barrera v. Winn</u>, Civil Action No. 05-40107-RWZ. The amicus brief shall be filed

by no later than August 15, 2005, unless additional time is sought for good cause.

IV.     Service on United States Attorney and Counsel for FMC Devens.

Notwithstanding that Plaintiff is responsible for effectuating service of process on the defendants, the clerk shall serve a copy of the Complaint on the United States Attorney and counsel for Warden David Winn and FMC Devens. It is ORDERED that counsel for defendants shall file and serve a response to the Complaint and Motion for Temporary Restraining Order, by no later than August 15, 2005.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED:

1. Plaintiff's Application to Proceed *in forma pauperis* is denied. Plaintiff is Ordered to pay the $250.00 filing fee within forty-two (42) days of the date of this Memorandum and Order; failing which, this action may be dismissed;

2. Notwithstanding the unresolved filing fee issue, the Court directs that summonses shall issue as to each of the Defendants, and directs that the United States Marshal shall bear all costs of service of the summonses;

3. The Federal Defender's Office shall enter an appearance as an amicus party, and shall file an amicus brief with respect to the issues presented, both in this action and in Barrera v. Winn, Civil Action No. 05-40107-RWZ; and

4. The Complaint shall be served on the United States Attorney and counsel for Warden David Winn and FMC Devens, and a response shall be filed by no later than August 15, 2005, including a response to the Motion for a Temporary Restraining Order.

/s/ William G. Young
WILLIAM G. YOUNG
CHIEF, UNITED STATES DISTRICT JUDGE

DATED: July 18, 2005