UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES FOX,<br><br>Petitioner,<br><br>v.<br><br>HARLEY LAPPIN, Director of the Federal<br>Bureau of Prisons, and DAVID L. WINN, Warden,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 05-40106 (WGY)<br>)<br>)<br>)<br>)<br>)<br>) |

**RESPONDENTS' RESPONSE TO PETITIONER'S
PETITION FOR A DECLARATORY JUDGMENT AND FOR
A WRIT OF MANDAMUS AND PRELIMINARY INJUNCTION**

**I.   INTRODUCTION**

Petitioner Charles Fox, currently a prisoner at the Federal Medical Center in Devens, Massachusetts ("FMC Devens"), challenges the decisions of the Bureau of Prisons ("BOP") to deny him transfer to a halfway house and to notify state and local authorities prior to his release. The BOP has denied petitioner a transfer to a halfway house because it applied to him a Public Safety Factor ("PSF") of sex offender based on his 1981 state conviction for second degree sexual assault, and petitioner then refused to participate in a Sex Offender Management Program ("SOMP") that FMC Devens mandates for inmates who have a sex offender PSF and wish to transfer to a halfway house. Separately, because BOP regulations classify petitioner's state conviction as a "sexual offense" for purposes of 18 U.S.C. § 4042(c)(4)(E), the BOP must notify appropriate state and local authorities that petitioner must register as a sex offender upon his release. See 18 U.S.C. § 4042(c)(1) and (2). Petitioner asks that the Court preliminarily enjoin the BOP (1) from applying the sex offender PSF and requiring him to participate in the SOMP as

1

a condition for transfer to a halfway house, and (2) from notifying state and local authorities upon his release.  Petition at 7-8.

The Court should deny petitioner the relief he seeks.  First, because petitioner has not exhausted his administrative remedies, he should not be able to pursue this action at all.  Second, the BOP properly exercised its congressionally-delegated discretion in applying the sex offender PSF and then denying petitioner a transfer to a halfway house because he refused to participate in the SOMP.  By statute, this Court may not review that discretionary determination.  Third, the BOP properly construed the term "sexual offense," as that term is used in 18 U.S.C. § 4042(c)(4)(E), in concluding that petitioner's prior state conviction for second degree sexual assault requires the BOP to notify state and local officials that petitioner must register as a sex offender upon his release from BOP custody.  There is no basis to enjoin the BOP from providing such a notification.  Accordingly, respondents respectfully request that the Court dismiss the Petition and deny petitioner's request for a temporary restraining order or preliminary injunction.

## II. BACKGROUND

### A. Petitioner's Current And Past Convictions

On January 27, 2003, petitioner was convicted in the United States District Court for the Southern District of West Virginia of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  The court sentenced petitioner to a 37-month prison term in the custody of the BOP.  See accompanying Declaration of Diana Jacobs Lee ("Lee Dec."), ¶ 2 and Exhibit ("Ex.") A thereto.  Petitioner's current projected release date, taking into account projected "good conduct" credit, is February 1, 2006.  See id., Ex. B.

In February 1991, petitioner was sentenced in the United States District Court for the Southern District of West Virginia to a 27-month term of imprisonment for conspiracy to distribute marijuana, in violation of 21 U.S.C. § 846, and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). Petitioner was released from custody on January 19, 1993. See id., Ex. C.

On August 18, 1981, petitioner was convicted of sexual assault in the second degree in the Greenbrier County Circuit Court, in Lewisburg, West Virginia. The BOP has no information concerning the details of this crime, except for a record notation that petitioner was originally charged with "unlawfully and feloniously and forcibly engaging in sexual intercourse." See id., Ex. D. The court subsequently sentenced petitioner to a prison term of 5-10 years. Fox began serving that sentence on July 25, 1984, and was released from custody on July 25, 1989. See id., ¶ 5.

B.   **BOP Classification Of Sex Offenders**

1.   **The BOP's Internal Use Of The Sex Offender PSF**

BOP Program Statement 5100.07, Security Designation and Custody Classification Manual, establishes a number of Public Safety Factors that the BOP uses in determining the custodial status of inmates. The program statement specifies that a PSF of "sex offender" shall apply to:

> A male or female inmate whose behavior in the current term of confinement <u>or prior history</u> includes one or more of the following elements. . . .
>
> ***
> (1) Engaging in sexual contact with another person without obtaining permission to do so (forcible rape, <u>sexual assault</u> or sexual battery).

3

Id., ch. 7 at 2 (attached as Lee Dec., Ex. E) (emphasis added).  Thus, because petitioner's prior history includes a conviction for sexual assault, the BOP has assigned a PSF of "sex offender" to petitioner.

At FMC Devens, where petitioner is now confined, all inmates with a PSF of sex offender are assigned to the SOMP.  See Lee Dec., Ex. F at 2.  FMC Devens' SOMP Inmate Handbook explains that a component of the SOMP is "community release planning."  Id., Ex. F at 3.  According to the handbook, "Active participation in the SOMP is considered by the Unit Team in recommending the inmate for Community Corrections Center [i.e., halfway house] placement.  Conversely, poor cooperation or failure to participate may curtail Community Corrections placement."  Id., Ex. F at 4.  Because petitioner has refused to participate in the SOMP since July 2004, his Unit Team at FMC Devens has declined to recommend him for placement in a halfway house.  See Lee Dec., Ex. G.

### 2. The BOP's Compliance With Its Statutory Obligations Concerning Sex Offenders

Separate and apart from the BOP's application of the sex offender PSF created by Program Statement 5100.07, Congress has directed that, prior to the release of a "sex offender," the BOP shall provide state and local officials with notice of "the place where the person will reside, and . . . [that] the person shall be subject to a registration requirement as a sex offender." 18 U.S.C. § 4042(c)(2).  For purposes of this statutory notification requirement, Congress has defined "sex offender" to include any person who "was convicted" of certain specified federal offenses, as well as "[a]ny other offense designated by the Attorney General as a sexual offense for purposes of this subsection."  18 U.S.C. § 4042(c)(4)(E).  The Attorney General has delegated to the BOP authority to designate additional sexual offenses under Section 4042(c)(4)(E).  See 28 C.F.R. § 571.71.  The BOP has designated these offenses to

4

include "[a]ny offense under the law of any jurisdiction that involved: (1) Engaging in sexual contact with another person without obtaining permission to do so (forcible rape, sexual assault, or sexual battery). . . ." 28 C.F.R. § 571.72(a). Petitioner's prior conviction for sexual assault thus constitutes a "sexual offense" for purposes of 18 U.S.C. § 4042(c)(4)(E), thereby requiring the BOP to comply with the notification provisions of 18 U.S.C. § 4042(c)(2) prior to his release.

### C.     Petitioner's Pending Administrative Remedy Requests

Pursuant to 28 C.F.R. § 542.10, federal inmates "may seek formal review of an issue which relates to any aspect of their confinement." The formal review process consists of three steps. First, the inmate must file an administrative remedy request, to which the Warden (in this case, respondent Winn) must respond within 20 days. 28 C.F.R. §§ 542.14, 542.18. Second, if the inmate is not satisfied with the Warden's response, the inmate may appeal within 20 days to the BOP Regional Director, who then must respond to the appeal within 30 days. 28 C.F.R. §§ 542.15(a), 542.18. Finally, if the inmate is not satisfied with the Regional Director's response, the inmate may appeal within 30 days to the BOP General Counsel, who then must respond within 40 days. 28 C.F.R. §§ 542.15(a), 542.18.

Petitioner has three administrative remedy requests currently pending with the BOP. As of June 23, 2005, when he filed his petition, he had not exhausted his administrative remedies with respect to any of his requests, nor has he since exhausted the available remedies.

Remedy Request No. 1 (BOP Case No. 379884). On June 9, 2005, petitioner filed an administrative remedy request complaining that he should not be required to participate in the SOMP. See Lee Dec., Ex. H. Warden Winn denied this request on July 19, 2005.[1] See id., Ex. I. In his denial, the Warden explained that the SOMP operates under the BOP's general statutory

---

[1] The Warden's response indisputably came after the regulatorily prescribed 20-day response period, but, as further discussed below, petitioner's remedy claim first ripened over a year ago, and petitioner has not explained why he waited so long to initiate the administrative remedy process in the first place. See infra at 9.

authority "to establish programs deemed necessary to assist in the correctional management of inmates." Id. (citing 18 U.S.C. § 3621). The Warden further noted that, although BOP Program Statement 7310.04 states that inmates with a sex offender PSF "shall not ordinarily participate in CCC programs," an exception would be made if petitioner participated in the SOMP. Id. The Warden also assured petitioner that inmates who participate in the SOMP "are not required to provide incriminating information and may decline to answer specific questions without penalty." Id. On August 1, 2005, petitioner appealed the Warden's decision to the BOP Regional Director, and the appeal remains pending there. See Lee Dec., ¶ 9 and Ex. J. There have been no proceedings before the BOP General Counsel concerning this remedy request. See Lee Dec., ¶ 9.

   Remedy Request No. 2 (BOP Case No. 379326). On June 14, 2005, petitioner filed an administrative remedy request asserting that, under a recent decision, Simmons v. Nash, 361 F. Supp. 2d 452 (D.N.J. 2005), his prior state conviction for sexual assault should not render him a sex offender for purposes of 18 U.S.C. § 4042(c). See Lee Dec., Ex. K. Warden Winn denied this request on July 5, 2005. See Lee Dec., Ex. L. In this denial, the Warden explained that the BOP had applied the sex offender PSF to petitioner based on the criteria set forth in Program Statement 5100.7. See id. With respect to 18 U.S.C. § 4042(c), the Warden explained that the BOP would be required to comply with the notification provisions of 18 U.S.C. § 4042(c)(2) before releasing petitioner because the BOP has designated sexual assault, a crime petitioner previously committed, as among those crimes that qualify inmates as "sex offenders" for purposes of the notification statute. See id. On July 15, 2005, petitioner appealed the Warden's decision to the BOP Regional Director. See Lee Dec., Ex. M. The Regional Director denied the

6

appeal on August 11, 2005.  <u>See</u> Lee Dec., Ex. N.  There have been no proceedings before the BOP General Counsel concerning this remedy request.  <u>See</u>, Lee Dec., ¶ 10.

<u>Remedy Request No. 3 (BOP Case No. 382111)</u>.  On June 28, 2005, petitioner filed an administrative remedy request complaining that the BOP improperly had included a "poor institutional adjustment" notation in his prison record based solely on his refusal to participate in the SOMP.  <u>See</u> Lee Dec., Ex. O.  Warden Winn denied this request on July 26, 2005.  <u>See</u> Lee Dec., Ex. P.  In his denial, the Warden explained in pertinent part as follows:  "On July 8, 2004, you were provided a copy of the Sex Offender Management Program Inmate Handbook. . . . You refused to sign and acknowledge receipt of the handbook in front of witnesses.  Your allegation that this is a non-mandatory program is false. . . .  The phrase 'poor institutional adjustment' in your records reflects your refusal to participate in the mandatory SOMP."  <u>Id.</u>  The BOP's current records indicate that Petitioner has not appealed this decision.  <u>See</u> Lee Dec., ¶ 11.

### III.    ARGUMENT

**A.    The Court Should Dismiss The Petition Because Petitioner Has Not Exhausted His Administrative Remedies.**

Petitioner initiated this action on June 23, 2005, almost a year after he first refused to acknowledge receipt of the SOMP handbook, but before he had received initial responses, let alone final responses, to any of his administrative remedy requests.  Under these circumstances, well-established principles of administrative law require dismissal of the petition.

Federal courts have limited jurisdiction and, therefore, may review the actions of a federal agency like the BOP only if authorized by statute.  <u>See, e.g.</u>, <u>Bell v. New Jersey</u>, 461 U.S. 773, 777 (1983).  To the extent petitioner is challenging his prison conditions – <u>i.e.</u>, that he be required to participate in the SOMP in order to be eligible for transfer to a halfway house –

7

Congress made clear in the Prison Litigation Reform Act of 1995 ("PLRA") that petitioner first must exhaust the BOP administrative remedy process. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner . . . until such administrative remedies as are available are exhausted."); Porter v. Nussle, 534 U.S. 516, 532 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong"); Booth v. Churner, 532 U.S. 731, 741 (2001). Likewise, to the extent petitioner is relying on the Administrative Procedure Act to challenge the BOP's determination that he is a sex offender for purposes of the notification requirement of 18 U.S.C. § 4042(c), he cannot bring a court action until the agency action is final. See 5 U.S.C. § 704 ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."). As the Supreme Court has explained, "[w]hen . . . review is sought not pursuant to specific authorization in the substantive statute, but only under the general review provisions of the APA, the 'agency action' in question must be 'final agency action.'" Lujan v. National Wildlife Federation, 497 U.S. 871, 882 (1990) (quoting 5 U.S.C. § 704).

Here, there can be no dispute that the BOP's review of petitioner's remedy requests is far from final. Only two of petitioner's three administrative remedy requests have reached the second stage of administrative review, and none of his requests has reached the third and final stage of administrative review. See Lee Dec., ¶¶ 9-11.

Petitioner may argue that his further pursuit of the administrative remedy process would be futile, but the First Circuit has held squarely that "there is no 'futility exception' to the PLRA

8

exhaustion requirement." Medina-Claudio v. Rodríguez-Mateo, 292 F.3d 31, 35 (1st Cir. 2002) (citation omitted); see also Booth v. Churner, 532 U.S. at 741 n.6 ("We will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."). Even were petitioner able to show that the BOP had taken a firm stand against arguments like his (which the agency has not done – each inmate's administrative remedy requests present unique facts and the agency reviews them independently – he should not have recourse to the courts before exhausting his available administrative appeals. See St. Elizabeth's Medical Center of Boston, Inc. v. Shalala, 91 F. Supp. 2d 419, 422 (D. Mass. 2000) (rejecting plaintiff's futility argument even though it was "more than likely," based on past agency responses to similar claims, that plaintiff would lose its pending administrative appeal). In Medina-Claudio, the First Circuit further elaborated that "[e]xhaustion subsequent to the filing of suit will not suffice." 292 F.3d at 36. Accordingly, where, as here, the petitioner's administrative remedy requests are still pending at various stages of the BOP administrative review process, the case must be dismissed. See id.

Petitioner also cannot evade the exhaustion requirement by arguing that his further pursuit of the administrative review process will cost him time that otherwise he might have spent in a halfway house rather than at FMC Devens. Staff at FMC Devens have been asking petitioner to participate in the SOMP program since July 2004, see Lee Dec., Exs. F at 7, Q, more than a year before petitioner could have become eligible for transfer to a halfway house, yet petitioner did not file an administrative remedy request concerning the SOMP program until almost a year later, in June 2005. See Lee Dec., Ex. I. Petitioner has not explained this delay. Because the incompleteness of the administrative review process is a result of petitioner's own delay in initiating that process, he cannot use whatever current exigency may exist as an excuse

9

to avoid exhaustion.  See Richmond v. Scribana, 387 F.3d 602, 604 (7th Cir. 2004) (rejecting prisoner's argument that "[l]ooming dates excuse exhaustion," because prisoner could have filed administrative remedy request earlier and "[a] prisoner cannot manufacture exigency by tarrying").  The Petition should be dismissed for failure to exhaust administrative remedies.

      **B.**      **The Court Should Deny Petitioner's Request For Injunctive Relief.**

Whether a temporary restraining order or preliminary injunction should issue depends upon a consideration of the following factors:  (1) whether the moving party has demonstrated a likelihood of success on the merits; (2) whether the moving party has demonstrated the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest.  See Air Line Pilots Ass'n v. Guilford Transportation Indus., Inc., 399 F.3d 89, 95 (1st Cir. 2005).

Although the courts ordinarily must consider each of these factors, the first is paramount.  The First Circuit has emphasized that "[t]he *sine qua non* of this four-part inquiry is likelihood of success on the merits; if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity."  New Comm Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002).

Petitioner cannot demonstrate likelihood of success on the merits for the simple reason that, as already discussed, he has not exhausted his administrative remedies.  Furthermore, for the reasons discussed below, even if petitioner had exhausted his administrative remedies before filing this action, he still could not demonstrate entitlement to injunctive relief.

      **1.**      **The Court Should Not Enjoin The BOP From Applying The Sex Offender PSF To Petitioner And Denying Petitioner A Transfer To A Halfway House, Because The BOP Has Congressionally-Delegated Discretion To Consider Petitioner's Prior Conviction For A Sexual Offense In Classifying Petitioner For Custodial Purposes.**

In this case, the BOP has not transferred petitioner to a halfway house because it applied a sex offender PSF to him pursuant to Program Statement 5100.7 and petitioner then refused to participate in the SOMP, which the BOP has deemed mandatory for petitioner in light of his PSF. [2] This was a proper exercise of the BOP's congressionally-delegated discretion. See Bell v. Wolfish, 441 U.S. 520, 547 (1979) ("Prison administrators . . . should be accorded wide-ranging deference in the adoption of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."); Schepis v. Maldonado, 2004 WL 3314944, at *3 (D.S.C. Nov. 23, 2004) (rejecting petitioner's claim that BOP should not have considered his 25 year-old state convictions for robbery and rape in refusing to transfer him to a lower-security facility); Green v. Bureau of Prisons, 2002 WL 31548084, at *3 (D. Minn. Nov. 12, 2002) (holding that BOP properly exercised its discretion in applying sex offender PSF, with consequence that petitioner would not be transferred to halfway house, based on prior state conviction for sexual offense); see also United States v. Smith, 27 F.3d 649, 655 (D.C. Cir. 1994) ("The range of factors that the Bureau may consider in its assignments is almost illimitable.").

Furthermore, although petitioner claims that that the BOP's allegedly wrongful application of the sex offender PSF to him has resulted in his being denied transfer to a halfway house, he would have no right to transfer to a halfway house in any event. Congress has stated

---

[2] Petitioner challenges the BOP's application of the sex offender PSF to him based on Simmons v. Nash, 361 F. Supp. 2d 452 (D.N.J. 2005), but, as discussed further below, see infra at 13-14, the holding in Simmons addresses only the determination of whether an inmate is a "sex offender" for purposes of the post-incarceration notification requirement set forth in 18 U.S.C. § 4042(c), and has nothing to do with the authority and discretion of the BOP to use PSFs to classify inmates for custodial purposes within the BOP system.

11

unequivocally that "[t]he Bureau of Prisons shall designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). By its plain terms, as the First Circuit has noted, Section 3621(b) gives "the BOP <u>discretionary</u> authority to designate any available penal or correctional facility . . . as the place of a prisoner's imprisonment, and to transfer a prisoner at any time to such a facility." <u>Goldings v. Winn</u>, 383 F.3d 17, 28 (1st Cir. 2004) (emphasis added); <u>see also</u> <u>McKune v. Lile</u>, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of the prison administrators' expertise."); <u>Lizarraga-Lopez v. United States</u>, 89 F. Supp. 2d 1166 (S.D. Cal. 2000) (denying request for transfer to halfway house in part because "the Bureau of Prisons has been granted vast discretion by [Section 3621(b)] to determine the appropriate conditions under which a prisoner shall serve his or her sentence").

Petitioner also claims that, notwithstanding his refusal to participate in the SOMP, he has a liberty interest in a transfer to a halfway house, <u>see</u> Petition at 7, but it well-settled that no such interest exists. <u>See, e.g.</u>, <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995); <u>Dominique v. Weld</u>, 73 F.3d 1156, 1159-61 (1st Cir. 1996); <u>Prows v. Federal Bureau of Prisons</u>, 981 F.2d 466, 468 n.3 (10th Cir. 1992) (observing that "federal prisoners generally enjoy no constitutional right to placement in any particular penal institution"); <u>United States v. Laughlin</u>, 933 F.2d 786, 789 (9th Cir. 1991) (finding no requirement "that all prisoners pass through a community treatment center en route to free society"); <u>Gambino v. Gerlinski</u>, 96 F. Supp. 2d 456, 459 (M.D. Pa.) (citing cases in support of holding that petitioner had no liberty interest in transfer to halfway house), <u>aff'd</u>, 216 F.3d 1075 (3d Cir. 2000).

In sum, Petitioner cannot succeed on his claim that the BOP's decision to apply the sex offender PSF to him, thereby rendering him ineligible for transfer to a halfway house without prior participation in the SOMP, deprived him of any statutory or constitutional right. The BOP

12

properly exercised its discretion in applying the sex offender PSF to petitioner, and, regardless, petitioner has no entitlement to transfer a halfway house under any circumstance. Accordingly, Petitioner is not entitled to an injunction directing the BOP to remove his sex offender PSF so that he might be transferred to a halfway house without participating in the SOMP.

> **2.    The Court Should Not Enjoin The BOP From Notifying State And Local Officials That Petitioner Must Register As A Sex Offender Upon His Release From BOP Custody, Because The BOP Has Permissibly Construed The Term "Sexual Offense," As That Term Is Used In 18 U.S.C. § 4042(c)(4)(E), To Include Petitioner's Prior State Conviction For Sexual Assault.**

Relying on the recent decision from the District of New Jersey, Simmons v. Nash, 361 F. Supp. 2d 452 (D.N.J. 2005), petitioner challenges the BOP's determination (set forth in 28 C.F.R. § 571.72(a)) that prior state sex crime convictions constitute "sexual offenses" for purposes of 18 U.S.C. § 4042(c)(4)(E), thereby triggering the notification requirements of 18 U.S.C. § 4042(c)(2). Respondents respectfully submit that Simmons was wrongly decided, and that 28 C.F.R. § 571.72(a) reflects a permissible interpretation of 18 U.S.C. § 4042(c)(4)(E).

Here, Section 4042(c)(4) creates a notification obligation when an inmate "was convicted" of any of a number of "sexual offense[s]." Subsections 4042(c)(4)(A)-(D) delineate several such offenses, all federal sex crimes, and then Section 4042(c)(4)(E) gives the Attorney General broad discretion to designate "[a]ny other offense" as a "sexual offense." (Emphasis added.) When, as is in this instance, Congress has "explicitly left a gap for an agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation." Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843-44 (1984). "[A]ny ensuing regulation [such as 28 C.F.R. § 571.72(a)] is binding on the courts unless procedurally defective, arbitrary or capricious in substance, or manifestly contrary to the statute." United States v. Mead Corp., 533 U.S. 218, 227 (2001).

13

The Simmons court erred in implicitly concluding that 28 C.F.R. § 571.72(a), with its inclusion of past state sex crime convictions within the scope of "sexual offenses" of which an inmate "was convicted," is manifestly contrary to Section 4042(c)(4)(E).  See Simmons, 361 F. Supp. 2d at 457.  The Simmons court found that Section 4042(c)(4)(E) should be limited only to federal offenses, because Subsections 4042(c)(4)(A)-(D) reflect such a limitation.  See Simmons, 361 F. Supp. 2d at 458.  But the plain language of Section 4042(c)(4)(E), with its reference to "[a]ny other offense," shows that it not so limited.  Adoption of the holding of the Simmons court would render Section 4042(c)(4)(E) practically meaningless, and would be contrary to "the settled rule that a statute must, if possible, be construed in such fashion that every word has some operative effect."  United States v. Nordic Village, Inc., 503 U.S. 30, 35 (1992).  This Court should not propagate the Simmons court's error.

Even if this Court were to favor the Simmons court's interpretation of Section 4042(c)(4)(E) over the BOP interpretation reflected in 28 C.F.R. § 571.72(a), the Court still should uphold the regulation.  The Supreme Court has made clear that "it is not necessary for a court to find that the agency's construction [of a statute] was the only reasonable one or even the one the court would have reached if the question initially had arisen in a judicial proceeding." Federal Election Comm'n v. Democratic Senatorial Campaign Committee, 454 U.S. 27, 39 (1981).  As the Court held in Chevron, when Congress has been silent with a respect to a particular issue, as it has with respect to what constitutes a "sexual offense" under Section 4042(c)(4)(E), the reviewing court need only find that the rule "is based on a permissible construction of the statute."  Chevron, 467 U.S. at 843 (emphasis added); see also Heno v. FDIC, 20 F.3d 1204 (1st Cir. 1994) (deferring to agency decision that did not reflect most natural reading of statute but nonetheless reflected "a 'permissible' reading").  Contrary to the holding

14

of the Simmons court, Section 4042(c)(4)(E) does not mandate that the interpreting regulation encompass only the current federal offense for which the inmate is in BOP custody. Exercising the authority delegated to it by the Attorney General, the BOP's regulation applies the literal language of the statute and includes "sexual offense[s]" like sexual assault, an offense for which petitioner indisputably "was convicted." Consequently, it is a permissible reading of the statute to include petitioner within the class of inmates to which the Section 4042(c)(2) notification requirement applies. See Montalvo v. Snyder, 207 F. Supp. 2d 581, 586 (E.D. Ky. 2002) (holding that "application of the notification requirements" to the plaintiff, a federal prisoner who previously had been convicted on a state sex charge, was "called for under the statute [and] regulation"), aff'd, 84 Fed. Appx. 521 (6th Cir. 2003).

Notably, the Simmons court relied heavily – and improperly – on the Fifth Circuit's decision in Henrikson v. Guzik, 249 F.3d 395 (5th Cir. 2001), a case involving 18 U.S.C. § 4042(b), a separate statutory notification requirement for violent criminals and drug offenders. See Simmons, 361 F. Supp. 2d at 455-57. The Henrikson court held that prior offenses do not trigger the notification requirement of Section 4042(b). See Henrikson, 249 F.3d at 399. Henrikson, however, is distinguishable from this case in two important ways. First, in contrast to Section 4042(c)(4), Section 4042(b)(3) merely specifies two categories of crimes that will trigger that statute's notification requirement; unlike 4042(c)(4), Section 4042(b)(3) does not delegate authority to designate "any other offenses." Second, in interpreting Section 4042(b)(3), the BOP has issued only a program statement, which, according to the Henrikson court, was not entitled to full Chevron deference. See Henrikson, 249 F.3d at 398; but see Reno v. Koray, 515 U.S. 50, 61 (1995) ("BOP's internal agency guideline . . . is still entitled to some deference, since it is a permissible construction of the statute." (citing Chevron, 467 U.S. at 843)). By contrast,

pursuant to Section 4042(c)(4)(E), the BOP has promulgated a regulation (28 C.F.R. § 571.72(a)), after notice and comment, that clearly is entitled to full Chevron deference.  See Chevron, 467 U.S. at 844.  Henrikson, therefore, arises from a different statutory and regulatory background and cannot support a finding that the regulation now at issue, 28 C.F.R. § 571.72(a), is an impermissible interpretation of Section 4042(c)(4)(E).

Finally, even if this Court were to conclude that 28 C.F.R. § 571.72(a) impermissibly exceeded the delegated authority of Section 4042(c)(4)(E), the Court still should deny petitioner's request for injunctive relief, because the BOP is not prohibited from notifying state and local authorities in any event.  As the court observed in Bunn v. Conley, 309 F.3d 1002 (7th Cir. 2002), a case involving the notification requirements of Section 4042(b), "[i]t is a substantial stretch to infer from Congress's decision to impose this [notification] duty on the BOP the additional notion that Congress meant to forbid the BOP from notifying interested public authorities in other situations, or in fact from doing a whole host of things."  Id. at 1010.  Likewise, Section 4042(c) imposes only affirmative notification duties on the BOP, and does not restrict the BOP from notifying state and local authorities upon the release of inmates with prior sexual offenses.  Respondents are aware of no such restriction, and petitioner has not pointed to one.  Accordingly, there is no basis to enjoin respondents from notifying state and local authorities prior to petitioner's release.

## IV.   CONCLUSION

Because petitioner has not exhausted the administrative remedies available to him, the Court should dismiss his petition.  Even if the Court does not dismiss the Petition, the Court should deny petitioner's request for injunctive relief, for the reasons discussed above.

                      Respectfully submitted,

                      MICHAEL J. SULLIVAN
                      United States Attorney

Dated:  August 15, 2005

                By:   /s/ Gregg Shapiro
                      GREGG SHAPIRO
                      Assistant United States Attorney
                      One Courthouse Way, Suite 9200
                      Boston, MA 02210
                      (617) 748-3366

### Certificate of Service

I hereby certify that a copy of the above document was served by first-class mail this first day of July 2005, upon:  Charles Fox, Reg. No. 02972-088, FMC Devens, P.O. Box 879, Ayer, MA 01432; and Judith H. Mizner, Esq., Assistant Federal Defender, Federal Defender Office, D. Mass., 408 Atlantic Avenue, Boston, MA 02110.

                      /s/ Gregg Shapiro
                      Gregg Shapiro
                      Assistant United States Attorney