UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES FOX, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>HARLEY LAPPIN, Director of the Federal )<br>Bureau of Prisons, and DAVID L. WINN, Warden, )<br>)<br>Respondents. )<br>) | Civil Action No. 05-40106 (WGY) |

**RESPONDENTS' STATUS REPORT**

In response to the Court's Order for Status Report dated November 15, 2005, respondents hereby notify the Court that petitioner Charles Fox has exhausted his administrative remedies with respect to the claims he asserts in the above-captioned matter. Prior to receiving the Court's Order, undersigned counsel believed that Mr. Fox had so notified the Court in a pleading dated November 4, 2005. A review of the docket suggests that the Court may not have received this pleading. A copy of Mr. Fox's November 4 pleading, as it was served on the undersigned, is attached hereto as Exhibit 1.

                                                            Respectfully submitted,

                                                            MICHAEL J. SULLIVAN
                                                            United States Attorney

Dated: November 16, 2005

                                  By:    /s/ Gregg Shapiro
                                                GREGG SHAPIRO
                                                Assistant United States Attorney
                                                One Courthouse Way, Suite 9200
                                                Boston, MA 02210
                                                (617) 748-3366

**Certificate of Service**

      I hereby certify that a copy of the foregoing document was served by first-class mail this 16th day of November 2005, upon:  Charles Fox, Reg. No. 02972-088, FMC Devens, P.O. Box 879, Ayer, MA 01432.

                                        /s/ Gregg Shapiro  
                                        Gregg Shapiro

# EXHIBIT 1

```
CHARLES FOX            )
     Plaintiff         )
                       )
                       )
V.                     )        C.A. No. 05-40106-WGY
                       )
                       )
HARLEY LAPPIN, et al., )
     Defendents        )
                       )
```

    This is to notify the Court that the Plaintiff's Administrative Remedy Process is now complete. Enclosed is the complete process; BP-9 through BP-11.

                                                           Respectfully submitted,

                                                              Charles Fox
                                                              */s/ Charles Fox*

Dated: November 4, 2005

CERTIFICATE OF SERVICE

    I, Charles Fox, hereby certify that I have, this date, served this Notice by mailing a copy to the following: Judith Mizner, Federal Public Defender, 408 Atlantic Ave., 3rd floor, Boston, MA 02110; Gregg Shapiro, Esq., Office of the United States Attorney for the Distric of Massachusetts, U.S. Moakley Courthouse, 1 Courthouse Way, Boston, MA 02210; and Judge Young, Chief Federal Judge, U.S. Moakley Courthouse, 1 Courthouse Way, Boston, Ma 02210.

                                                               Charles Fox
                                                              */s/ Charles Fox*

**U.S. DEPARTMENT OF JUSTICE**　　　　　　　　　　　**REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Fox, Charles M.__   __02972-058__   __H3__   __FMC Devens__
　　　　LAST NAME, FIRST, MIDDLE INITIAL　　REG. NO.　　UNIT　　INSTITUTION

**Part A– INMATE REQUEST**

I was turned down for Half Way House for not participating in a Mandatory Program. (SOMP) I would suggest to you that SOMP can't be a mandatory program because there isn't a Program Statement in support of it. I would also suggest that a memo from a Regional Director without a Program Statement can't be used to make a program mandatory. When I came into the system I was given a 10% date just like everyone else was and taking it from me for not participating in one program and completely ignoring all the other programs I did take can only be retalitory. My charge is over 25 years old and there is nothing in my record to suggest that I might be charged with something like that again. Because my charge is not my instant offence the objectives of the SOMP Program (accept responsibility; change behavior) will not banifit me in any way. I pled not guilty 25 years ago and that isn't going to change and there hasn't been anything in my record since then to suggest that I might be charged for something like that again. I have a 5th amendment Right against self incrimination and your SOMP Program violates that right because you offer me no protection concerning the questions You ask. You give us no guarantees where the information will go or how it will be used. Because I refuse to answer your incriminating questions in a non-mandatory program you take my half-way house. I would suggest that before this program can be mandatory the BOP must sanction it with a Program Statement. I would ask that I be given my 10% date to help myself get intergrated back into society.

__05/25/05__　　　　　　　　　　　　　　__[signature]__
DATE　　　　　　　　　　　　　　　　SIGNATURE OF REQUESTER

**Part B– RESPONSE**



_____　　　　　　　　　_____
DATE　　　　　　　　　　　　　　WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

SECOND COPY: RETURN TO INMATE　　　　CASE NUMBER: __379884-F1__

　　　　　　　　　　　　　　　　　　　　CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
　　　　LAST NAME, FIRST, MIDDLE INITIAL　　REG. NO.　　UNIT　　INSTITUTION

SUBJECT: _____

_____　　　　　　　　　_____
DATE　　　　　　　　　RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)
APRIL 1982

**FEDERAL MEDICAL CENTER DEVENS, MASSACHUSETTS**
**RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY #379884-F1**

This is in response to your Request for Administrative Remedy dated May 25, 2005, in which you allege that you were denied placement in a Community Corrections Center (CCC) "for not participating in a mandatory program," namely the Sex Offender Management Program (SOMP). You claim that: (1) because your sex offense occurred over 25 years ago, the objectives of the SOMP "will not benefit [you] in any way;"(2) "the SOMP can't be a mandatory program because there isn't a Program Statement in support of it;" and (3) the SOMP violates your Fifth Amendment right precluding self-incrimination because you are asked questions and are provided with "no guarantees where the information will go or how it will be used." You assert your belief that your CCC placement was taken away from you because you refused to answer incriminating questions in a "non-mandatory program," and request to receive a halfway house placement of a duration equal to "10%" of your prison sentence.

An investigation into your request revealed the following: Your records reveal you have a Public Safety Factor (PSF) of Sex Offender and are classified as low security. Thus, you meet the eligibility criteria for the SOMP at the Federal Medical Center (FMC) Devens. The SOMP is a mandatory correctional management program whose primary goal is to help sex offenders manage their behavior in order to reduce sexual reoffending. The SOMP aims to evaluate the treatment and supervision needs of all eligible inmates, and to offer and/or recommend specialized sex offender management and treatment services in accordance with those needs. According to your Pre-Sentence Investigation Report (PSI), on August 18, 1981, you were convicted of Sexual Assault, Second Degree, in the state of West Virginia. Given this history, it is appropriate to evaluate your sex offense-specific treatment and supervision needs.

18 U.S.C., Section 3621, gives the Bureau of Prisons the general authority to establish programs deemed necessary to assist in the correctional management of inmates. The SOMP operates under this general authority. While the SOMP is a mandatory management program, some components of the SOMP may require an inmate's cooperation and participation. As outlined in the SOMP Inmate Handbook, inmates in the program are encouraged to participate in program components that require their active involvement, and are offered a variety of incentives to do so. For instance, a Certificate of Completion is given to inmates who satisfactorily complete the psycho-education component of the program (one of the treatment components that may be recommended). With regard to Community Corrections Center (CCC) placement, the SOMP Inmate Handbook states, "Active participation in the SOMP is considered by the Unit Team in recommending the inmate for CCC placement. Conversely, poor cooperation or failure to participate may curtail CCC placement." Participation in the SOMP will assist in developing good institutional adjustment, program participation, and community re-integration.

Program Statement 7310.04, CCC Utilization and Transfer Procedures, clearly indicates the limitations on eligibility for CCC referrals. P.S. 7310.04 states that inmates who are assigned a Public Safety Factor of Sex Offender are among the categories of inmates who "shall not ordinarily participate in CCC programs." Nevertheless, a referral for CCC placement may be

made if you demonstrate good institutional adjustment, including participating in recommended programs. Your records reveal you have not participated optimally in the SOMP, and your unit team recommended you be denied consideration for CCC placement based on poor institutional adjustment.

Your records reveal you were seen by SOMP staff on June 9, 2004, at which time you were verbally provided with information about the SOMP, including the purpose of the evaluation component in the program and the limits of confidentiality. You met with SOMP staff on July 8, 2004, at which time you were provided with a written description of the program (i.e., a SOMP Inmate Handbook), and your questions about the program were answered. The SOMP Inmate Handbook provides a comprehensive description of the program, including the goals, admission criteria, and different components of the SOMP. It also describes the purpose and process of the SOMP evaluation, as well as the limits of confidentiality. Specifically, the SOMP Inmate Handbook indicates that the results of the evaluation are used for correctional management of the inmate and to make appropriate recommendations for institutional and community supervision and treatment. This handbook informs the participant that prior to his release from prison, SOMP clinical staff prepare a comprehensive discharge report and risk assessment that is sent to the program participant's United States Probation Officer (USPO). The SOMP Inmate Handbook indicates that the psychological evaluation and discharge report may be based on information from a variety of sources, including a series of interviews, questionnaires, psychological tests, physiological assessment, observation, file review, and clinical judgment. While an inmate's participation in interviews and psychological testing may be helpful in the evaluation process, it is not necessary; the evaluation is completed whether or not an inmate discloses information. Inmates are not required to provide incriminating information and may decline to answer specific questions without penalty. The SOMP Inmate Handbook also states that BOP staff are charged with protecting every inmate's confidentiality as defined by policy, such that the confidentiality of program participants is protected at all times, except in cases where there is potential harm to self or others, when the security of the correctional institution is threatened, or when there is suspected child abuse.

Based on the above findings, your Request for Administrative Remedy is denied.

If you are dissatisfied with this response, you may appeal to the Regional Director, Northeast Regional Office, U.S. Customs House - 7th Floor, 2nd and Chestnut Streets, Philadelphia, PA 19106. Your appeal must be received in the Regional Office within 20 days from the date of this response.

_____        7/19/5
David L. Winn, Warden            Date

U.S. Department of Justice | Regional Administrative Remedy Appeal
Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __FOX, CHARLES M.__ __02972-088__ __H-B__ __FMC DEVENS__
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A—REASON FOR APPEAL**   I would suggest that the Regional Director gave me the PSF and that he over extended his authority. You say that SOMP is a mandatory correctional management program whose primary goal is to help sex offenders manage their behavior and to reduce sexual reoffending. My charge is over 25 years old and there is nothing else in my file to even suggest that I might reoffend! You also state that 18 U.S.C., Section 3621, gives the Bureau of Prisons the general authority to establish programs. I would suggest that for the BOP to establish the SOMP Program they must have a BOP Program Statement in support of said program. Since there isn't a B.O.P. Program Statement, only a Devens Statement, I have to assume that this program isn't sanctioned by the B.O.P. Also, when you talk of the SOMP Handbook, we must not overlook the fact that it is like the Devens Program Statement, it is printed by Devens and not by the B.O.P. On July 9, 2004 when I saw the SOMP Staff I signed no papers and asked no questions. As I argued then and now, the SOMP Program is an illegal program not sanctioned by the B.O.P. Program Statement and that according to Simmons v. Nash 361 F. (D-NJ 2005) it clearly provides in Section 4042(c) only the current federal offence for which the prisoner is incarcerated can act as a trigger for the sex offender designation. Therefore, it is concluded to the extent of the B.O.P. regulations include as qualifying offences convictions other than the current, federal offence for which the prisoner is incarcerated, the regulations are invalid. I would ask that my half-way house 10% be reinstated

__07/28/05__    __Charles M. Fox__
DATE    SIGNATURE OF REQUESTER

**Part B—RESPONSE**









_____    _____
DATE    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.
ORIGINAL: RETURN TO INMATE    CASE NUMBER: __377884-R1__

**Part C—RECEIPT**
CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: _____

_____
BP-230(13)

FOX, Charles
Reg. No. 02972-088
Appeal No. 379884-R1
Page One

---

### Part B - Response

You appeal the decision of the Warden at FMC Devens to deny your request for community corrections center (CCC) placement because of your refusal to participate in the Sex Offender Management Program (SOMP). You state the Regional Director overextended his authority in applying the Public Safety Factor (PSF) of Sex Offender. You also state the SOMP is an illegal program not sanctioned by the Bureau of Prisons (BOP). You state according to Simmons v. Nash, only current federal offenses can be used in determining the sex offender designation. As relief, you request that your halfway house ten percent date be reinstated.

An investigation into your appeal revealed that in Regional Appeal No. 379626-R1, you were advised of the reasons in support of application of the PSF. This issue will not be addressed again in this response. As the Warden stated, when you were placed in the SOMP, you were advised your participation in that program will be considered in assessing your placement in community programs, including transfer to a community corrections center. Records reveal you have failed to participate in the SOMP and were not recommended for CCC placement based on your poor institutional adjustment. We concur with the Warden's sound correctional judgement in denying a recommendation for CCC placement. Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: August 29, 2005

D. SCOTT DODRILL
Regional Director

| U.S. Department of Justice | Central Office Administrative Remedy Appeal |
|---|---|
| Federal Bureau of Prisons | |

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: __FOX Charles M.__  __02972-088__  __H-B__  __FMC-DEVENS__
         LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL**  I would ask how the BOP can turn down my (CCC) placement for failing to participate in a program (SOMP), especially since the program is not up and running! (See Attachments)

__9-6-05__                                          __Charles M. Fox__
DATE                                             SIGNATURE OF REQUESTER

**Part B—RESPONSE**

[RECEIVED SEP 16 2005 ADMINISTRATIVE REMEDY BRANCH stamp]

_____          _____
DATE                      GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE       CASE NUMBER: __329884-A1__

**Part C—RECEIPT**                CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

_____          SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL      BP-231(13)
DATE

# FEDERAL PUBLIC DEFENDER
## WESTERN DISTRICT OF NEW YORK

JOSEPH B. MISTRETT
**FEDERAL DEFENDER**
joseph_mistrett@fd.org

KIMBERLY A. SCHECHTER
**ASSISTANT DEFENDER**
kimberly_schechter@fd.org

300 PEARL STREET, SUITE 450
BUFFALO, NEW YORK 14202

716-551-3341
FAX: 716-551-3346

ROCHESTER OFFICE
28 EAST MAIN STREET
FIRST FEDERAL PLAZA - SUITE 400
ROCHESTER, NEW YORK 14614
585-263-6201
585-263-5871-FAX

REPLY TO: BUFFALO

August 18, 2005

**LEGAL MAIL**
**PRIVILEGED AND CONFIDENTIAL**
**ATTORNEY WORK PRODUCT**

Mr. Kenneth J. Happy
USM No. 13068-055 HB
c/o FMC Devans
P. O. Box 779
Ayer, Massachusetts  01432

    Re:    *United States v. Kenneth J. Happy*
             04-CR-85-S

Dear Mr. Happy:

    I spoke to Dr. Renaud. She confirmed that the Sex Offender Program at Devans is not up and running. I asked her to speak to you about possibly being transferred to Butner's Sex Offender Program which is much more involved and may be a better fit for you. I also discussed with her your other diagnosis of bi-polar disease and she is aware of all of this and is going to speak to you.

    I hope this helps.

                                                    Very truly yours,

                                                    Kimberly A. Schechter
                                                    Assistant Federal Defender

KAS:js

**Administrative Remedy No. 379884-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal in which you contest the denial of your request for halfway house placement because you failed to participate in the Sex Offender Management Program (SOMP). You argue the program is not operational, your 1981 sexual assault conviction was used by staff to improperly assign you a Public Safety Factor (PSF), and staff made your eligibility for placement in a Community Confinement Center (CCC), contingent upon your participation.

The Bureau of Prisons approved, in December of 2002, SOMP, a comprehensive management and treatment strategy for all sex offenders. It was created for the purposes of increasing institution security and ensuring effective management of sex offenders to ensure public safety. The SOMP has several components, including the identification, monitoring, management, treatment, and more importantly, the transition of inmates to the community upon release.

As noted in the Warden's response, Program Statement 7310.04, <u>CCC Utilization and Transfer Procedures</u>, stipulates the criteria required for halfway house eligibility. Specifically, Page 10, Paragraph 10, states inmates who are assigned a "Sex Offender" Public Safety Factor are not ordinarily permitted to participate in CCC programs, unless the PSF is waived.

Although there is neither a specific program statement nor regulation concerning the SOMP, Title 18, United States Code, § 3621 grants the Bureau of Prisons authority to establish programs deemed necessary to assist in the correctional management of inmates. Records indicate you have a prior state conviction for Sexual Assault. We find your unit team requiring your participation in the SOMP is appropriate.

Our review reveals the Warden and Regional Director adequately responded to the issue raised in your appeal. Both reasons noted above, resulted in the unit team not recommending your for CCC placement.

Accordingly, your appeal is denied.

_October 18, 2005_
Date

Harrell Watts, Administrator
National Inmate Appeals

U.S. Department of Justice

Federal Bureau of Prisons

*Federal Medical Center, Devens*

P.O. Box 880
Ayer, MA 01432

May 19, 2005

**MEMORANDUM FOR DAVID L. WINN, WARDEN**

**FROM:**   Tony Calabro, Unit Manager

**SUBJECT:**   FOX, Charles Marshall
Reg. No. 02972-088
CCC Non-referral Justification

The above named inmate has refused Community Correction Placement (i.e., Home Confinement, Electronic Monitoring, or CCC Placement) or was not recommended nor approved for CCC Placement for the following reason(s):

| | | |
|---|---|---|
| XXX | A. | Poor Institution Adjustment (Attached BP-351.060). |
| | B. | FRP Refuse (Attach PP37, FRP & Commissary Statement). |
| | C. | DAPS Require Refuse (Attach PP37, DRG). |
| | D. | Violence/Firearms (Attach PPG6). |
| | E. | Escape/CCC. |
| | F. | Sex Offender (Attach PPGO). |
| | G. | Psychiatric Case. |
| | H. | Deportable Alien (Attach PPG6). |
| | I. | Unresolved Pending Charges or Detainers. |
| | J. | Unresolved Medical Issue. |
| | K. | Inmate Refused Community Program Placement. |
| | L. | Too Short for Placement (State ARSD/Where Transferred from). |
| | M. | Inmate does not require pre-release transition services. |
| | | 1. Release Residence |
| | | 2. Employment |
| | | 3. Monetary Resources |

Comments: The above referenced inmate arrived as a transfer at FMC Devens, MA, on May 27, 2004, for participation in the Sex Offender Management Program (SOMP). He is currently serving a 37 month sentence for Felon in Possession of a Firearm and has a prior conviction for Sexual Assault-2nd Degree, in which he was sentenced to 5 to 10 years and served 5 years. Inmate Fox has failed to participate in SOMP and has displayed poor cooperation by refusing to be interviewed or complete any testing with SOMP Staff.

The Unit Team makes every effort to place all eligible inmates in a Community Corrections Center (CCC). However, based on the circumstances involved in inmate Fox's case, the Unit Team is recommending that he be denied future consideration for CCC placement. We would encourage that he remain at this facility until his Good Conduct Time Release date of February 1, 2006.

_____     _____
Inmate Signature (If he refused any Community Programs)          Date

**Reviewed by:**

D. Adams, Case Management Coordinator          5-23-05
                                                Date

Deborah G. Schult, AW(P)                        5-24-05
                                                Date

David L. Winn, Warden                           5/24/05
                                                Date

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Fox, Charles M.__ _____ __H-4__ __FMC Devens__
      LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A- INMATE REQUEST** As per Simmons V. Nash 361 F. Supp. 2d (D-NJ 2005) it clearly provides in Section 4042(c) only the current federal offence for which the prisoner is incarcerated can act as a trigger for the sex offender designation. Therefore, it is concluded, to the extent of the BOP regulations include as qualifying offences convictions other than the current federal offence for which the prisoner is incarcerated, the regulations are invalid.

The court further noted that Section 4042(c) lists only federal crimes. That led it to conclude that the provision that additional offences may be "designated by the Attorney General as sexual offences" refers as well to only Federal offences. Furthermore, the court said, since the statute deals with only Federal prisoners, state convictions can only be for prior offences.

It is from this court ruling that I would argue that because my sentence is over 25 yrs. old and that it was a state offence, that you, (BOP) can't give me a PSF (Public Safety Factor) thus not qualifying me for the sex offender status. I would ask that my PSF be removed and that I be taken off the registration and notification list. I would also ask that all of my priviliges lost because of this classification be returned.

__06/13/05__                                    _____
DATE                                            SIGNATURE OF REQUESTER

**Part B- RESPONSE**

```
RECEIVED
JUN 14 2005
FMC DEVENS
WARDEN'S OFFICE
```

_____                    _____
DATE                                          WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

THIRD COPY: RETURN TO INMATE                  CASE NUMBER: _____

                                              CASE NUMBER: _____

**Part C- RECEIPT**
Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

**Requirement for submission of this request directly to the Regional Director, Bureau of Prisons.**

When the inmate believes that he may be adversely affected by submission of this request at the institution level because of the sensitive nature of the complaint, he may address his complaint to the Regional Director. He must clearly indicate a valid reason for not initially bringing his complaint to the attention of the institution staff.

If the inmate does not provide a reason, or if the Regional Director or his designee believes that the reason supplied is not adequate, the inmate will be notified that the complaint has not been accepted. The form sent to the Regional Director will not be returned. However, the inmate may prepare a new request and submit it at the institution if he wishes.

**FEDERAL MEDICAL CENTER, DEVENS, MASSACHUSETTS**
**RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY, #379326-F1**

The following is in response to your Request for Administrative Remedy dated June 13, 2005, in which you indicate that a recent court ruling ("Simmons v. Nash"), determined that only current federal sex offense convictions can be used to classify an offender with a Public Safety Factor (PSF) of "Sex Offender". You indicate that because your sex offense conviction "is over 25 yrs. old and that it was a state offense," the Bureau of Prisons "can't give [you] a (PSF) Public Safety Factor." You are requesting that your PSF be removed, that you be taken off the registration and notification list, and "that all of [your] privileges lost because of this classification be returned."

An investigation into your request revealed the following: Records indicate that you are currently serving a 37 month term of incarceration for Felon in Possession of a Firearm. Records also indicate you have been assigned the Public Safety Factor (PSF) of "Sex Offender" pursuant to Bureau of Prisons Program Statement 5100.07, Security Designation and Custody Classification Manual. According to your Pre-Sentence Investigation (PSI), you were convicted of Sexual Assault, Second Degree, in the state of West Virginia, on August 18, 1981. For this sex offense, you were sentenced to 5 to 10 years of incarceration. Although this sex offense conviction occurred many years ago in the state of West Virginia, your conviction of this crime is sufficient for the application of the PSF, based on current Bureau of Prisons policy. Pursuant to Program Statement 5100.07, the criterion for the "Sex Offender" PSF is to be applied to a male inmate whose behavior, **during his current term of confinement or prior history**, includes "engaging in sexual contact with another person without obtaining permission to do so," "any sexual contact with a minor or other person physically or mentally incapable of granting consent," and/or "any offense referenced in the Sex Offender Notification and Registration Program Statement" (emphasis added). As Bureau of Prisons Program Statement 5100.07 is currently in effect, the PSF has been appropriately applied.

Program Statement 5141.02, Sex Offender Notification and Registration, indicates that unit staff must follow the notification procedures outlined in that program statement for any inmate who has a current or past conviction for specific sex offenses listed in 18 U.S.C. 4042(c)(4)(A) through (D). P.S. 5141.02 also states, "Under 18 U.S.C. 4042(c)(4)(E), the Attorney General is authorized to designate additional offenses as sexual offenses for the purpose of sex offender release notification and other related purposes. This authority has been delegated to the Director." P.S. 5141.02 lists offenses identified by the Director of the Bureau of Prisons as offenses for which unit staff must follow the notification procedures outlined in P.S. 5141.02. Among the offenses identified by the Director, are "**Any offense under the law of any jurisdiction that involved: (1) Engaging in sexual contact with another person without obtaining permission to do so (forcible rape, sexual assault, or sexual battery);** (2) Possession, distribution, mailing, production, or receipt of child pornography or related paraphernalia; (3) Any sexual contact with a minor or other person physically or mentally incapable of granting consent (indecent liberties with a minor, statutory rape, sexual abuse of the mentally ill, rape by administering a drug or substance); (4) Any sexual act or contact not identified in paragraphs (a)(1) through (3) of this section that is aggressive or abusive in nature (rape by instrument, encouraging use of a minor for prostitution purposes, incest); and (5) An attempt to commit any of the actions described in paragraphs (a) (1) through (4) of this section" (emphasis added). Again, based on current Bureau of Prison policy, your 1981 conviction for Sexual

Assault, 2nd Degree, in the state of West Virginia, qualifies as an offense identified under P.S. 5141.02, that is "Any offense under the law of any jurisdiction that involved: (1) Engaging in sexual contact with another person without obtaining permission to do so (forcible rape, sexual assault, or sexual battery)." As Program Statement 5141.02 is still in effect, Bureau of Prisons staff are "required to provide release and registration information (offender's name, criminal history, projected address, release conditions or restrictions) to state/local law enforcement and registration officials" prior to your release.

Given the aforementioned, your Request for Administrative Remedy is denied.

If you are dissatisfied with this response, you may appeal to the Regional Director, Northeast Regional Office, U.S. Customs House - 7th Floor, 2nd and Chestnut Streets, Philadelphia, PA 19106. Your appeal must be received in the Regional Office within 20 days from the date of this response.

_____  
David L. Winn, Warden

7/5/5  
Date

| U.S. Department of Justice | Regional Administrative Remedy Appeal |
|---|---|
| Federal Bureau of Prisons | |

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

| From: | FOX, CHARLES M. | 02972-088 | H-B | FMC DEVENS |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL** Even though I quoted ("Simmons v. Nash") in my BP-9, you neglected to respond to this important case. It is through this case that I base my contention that you-BOP can't assign me a Safety Factor. Even though this isn't a First Circuit Case, it certainly indicates which way the court is leaning. This case clearly states that " only the current Feder offence for which the prisoner is incarcerated can act as a trigger for the sex offender designation". Since my case is over 25 years old, and a State case, I would suggest that the BOP can't designate me as a sex offender. The BOP uses Program Statement 5100.07, Security Designati and Custody Classification Manual, as your authority for the Public Safety Factor. It is my contention that iff Simmons v. Nash 361 F. Supp. 2d (D-NJ 2005) is in fact the intention of Congress, You, the BOP have failed to interpert this statue correctly and should not have applie a Public Safety Factor to my case. If this is the case then I would suggest that this court case would override any program statement the BOP might use to argue against it. Simmons v. Nash is in direct conflict with the BOP's Program Statement and I would ask that the BOP reconsider its stand on this issue and do away with my current Public Safety Factor.

07/11/05
DATE                                                        SIGNATURE OF REQUESTER

**Part B—RESPONSE**




DATE                                                        REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE                               CASE NUMBER: 379326-R1

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION

SUBJECT: _____

**FOX, Charles**
Reg. No. 02972-088
Appeal No. 379326-R1
Page One

---

### Part B - Response

You appeal the decision of the Warden at FMC Devens to deny your request to remove your Sex Offender Public Safety Factor (PSF). You state your prior state sexual offense conviction should not support a PSF based on the court decision in <u>Simmons v. Nash</u>. You request the PSF be removed from your Custody Classification sheet.

Program Statement 5100.07, <u>Security Designation and Custody Classification Manual</u>, indicates the PSF, Sex Offender, will be applied for an inmate whose behavior in the current term of confinement or prior history involved any sexual act or contact that is aggressive or abusive in nature. Attempts are to be treated as if the sexual act or contact was completed.

Records indicate, on August 18, 1981, you were convicted in Greenbrier County Circuit Court, West Virginia of Second Degree Sexual Assault. On July 25, 1984, you began service of your five to 10 years sentence, and served five years before your release in July 1989. Based on your convicted offense, we find the PSF of Sex Offender is appropriately applied. The <u>Simmons</u> decision reviewed an interpretation of the Notice of sex offender release provisions of 18 U.S.C. § 4042(c). This court decision did not conclude it was improper for the Bureau to consider the nature of prior convictions in reaching classification decisions, which include the application of a PSF. Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: August 11, 2005

D. SCOTT DODRILL
Regional Director

**Administrative Remedy No. 379326-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal in which you allege staff assigned you a Public Safety Factor (PSF) based on a prior state conviction. You assert the assignment is improper because the conviction was under state statutes, not federal. You request the PSF be removed.

In addition, Program Statement 5100.07, <u>Security Designation and Custody Classification Manual</u>, Chapter 7, page 2, defines a sex offender as an inmate whose behavior in the current term of confinement or prior history includes sexual contact with another person without obtaining permission to do so (e.g., forcible rape, sexual assault or sexual battery). A conviction is not required for application of this PSF if the PSI, or other official documentation, clearly indicates the behavior occurred in the current term of confinement or prior criminal history. Based on our information, we find this assignment, derived from your prior history, to be appropriate.

We also refer you to the Region's response for the short summary of the decision in Simmons v. Nash. It has no bearing on the unit's application of the PSF.

We therefore concur with the responses provided. Accordingly, your appeal is denied.

_October 18, 2005_
Date

_Harrell Watts_, Administrator
National Inmate Appeals