UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                              )
CHARLES FOX,                  )
                              )
          Petitioner,         )
                              )
     v.                       )   CIVIL ACTION
                              )   NO. 05-40106-WGY
HARLEY LAPPIN, Director of the)
Federal Bureau of Prisons, and)
DAVID L. WINN, Warden,        )
                              )
          Respondents.        )
                              )
```

MEMORANDUM AND ORDER

YOUNG, C.J.                              November 18, 2005

## I.    INTRODUCTION

The procedural question in this case is how the claims of a prisoner related to his misclassification as a sex offender should be treated for purposes of these court proceedings and in relation to administrative claims he has filed with the Bureau of Prisons ("Bureau"). Petitioner Charles Fox ("Fox") is seeking a declaratory judgement, preliminary injunction, and writ of mandamus for the denial of transfer to a halfway house and the impending notification of state and local officials upon his release as a result of his classification. These claims are substantively different from each other and must be treated differently by the Court. The claim relating to denial of

transfer is construed by this Court as a habeas petition and the notification claim is properly before the Court as a petition for a declaratory judgement.

The Court's interpretation of this claim as indicated results in a denial of Respondent's request for dismissal of this action for failure to exhaust administrative remedies. It is also the Court's understanding that Fox has now exhausted all administrative remedies, so there is no need for the Court, in its discretion, to stay proceeding pending further administrative review.

**A.    Factual Background**

Fox is currently a prisoner at the Federal Medical Center in Devens, Massachusetts ("FMC Devens") serving a 37-month prison term for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). See Resp't's Resp. to Pet'r's Pet. for a Declaratory J. and For a Writ of Mandamus and Prelim. Inj. ("Resp't's Resp.") [Doc. No. 6], Ex. A ("Judgment of 4/23/03"). His projected release date is February 1, 2006. Resp't's Resp., Ex. B ("Inmate Data").

At some point prior to or during his term of confinement, the Bureau classified Fox as a sex offender based on a 1981 state conviction for second degree sexual assault. See Resp't's Resp. at 3-4. On May 19, 2005, Fox was denied placement in a halfway

house because of his failure to participate in a program for sex offenders. Resp't's Resp., Ex. G. ("Mem. For David L. Winn, Warden"). Fox filed a request for administrative relief as to this decision in a letter dated May 25, 2005, stamped as received by the Bureau, June 9, 2005. See Resp't's Resp., Ex. H. This letter challenged his classification as a sex offender. Id. On July 19, 2005, David Winn ("Winn") denied his request in a detailed letter. See Resp't's Resp., Ex. I. He appealed this denial to the Regional Director on July 28, 2005. See Resp't's Resp., Ex. J.

On June 13, 2005, Fox filed a second request for administrative relief asking that his sex offender classification be changed. See Resp't's Resp., Ex. K. This request was denied by Winn on July 5, 2005. See Resp't's Resp., Ex. L. On July 11, 2005, Fox appealed this decision, see Resp't's Resp., Ex. M., and that appeal was denied by the Regional Director on August 11, 2005, see Resp't's Resp., Ex. N.[1] As of November 4, 2005, Fox had exhausted his administrative remedies. Resp'ts' Status Report [Doc. No. 17] at 1.

---

[1] Fox filed a third request asking that the finding of "Poor Institutional Adjustment" made as a result of his refusal to participate in the sex offender program, be removed from his record on June 23, 2005. See Resp't's Resp., Ex. O. As this is only tangentially related to his misclassification, it does not need to be considered here.

Shortly after Fox began the process of administrative review, on June 23, 2005, Fox filed this petition for a writ of mandamus, a declaratory judgment, and a preliminary injunction. [Doc. No. 1]. Fox claims that Bureau Program Statement 5141.02, which requires that he be classified as a sex officer for a prior state conviction, violated the federal statute governing sex offenders - 18 U.S.C. § 4042. See Pet. for a Declaratory J. under 28 U.S.C. §§ 1331 and 2201 and for a Writ of Mandamus and Prelim. Inj. ("Fox Pet.") at 2, 4. As a result of this classification, the Bureau is required under 18 U.S.C. § 4042 to provide notice to state and local authorities prior to Fox's release from prison. See id. at 4. Fox also claims that had he not been classified as a sex offender he would have been eligible to transfer to a halfway house for the last six months of his sentence. Id. at 3. According to Respondents Winn and Harley Lappin ("Lappin"), Fox was denied transfer because participation in FMC Deven's Sex Offender Management Program is mandatory for those prisoners with a sex offender PSF who wish to transfer to a halfway house.[2] Resp't's Resp. at 1.

---

[2]  Fox said that he was denied transfer because he refused to sign papers regarding to the program. Fox Pet. at 3.

## II.  DISCUSSION

###   A.    Fox's Challenge To His Denial Of Transfer, Appropriately Construed As A Habeas Petition Is Properly Before The Court

This Court has held that although a habeas petition is typically suitable only to challenge the "fact or duration" of incarceration, some conditions of confinement claims are appropriately brought as habeas petitions.  See Kane v. Winn, 319 F. Supp. 2d 162, 214 (D. Mass. 2004) ("Looking at both state and federal prisoner cases, there are many indications that habeas will in fact lie for certain conditions of confinement claims.") In refusing to treat a claim as a habeas petition in Kane, this Court strongly suggested that in cases where transfer or release are at issue, a habeas petition is warranted.  See id. at 215 ("This Court is of the view that, with the exception of extreme cases where transfer or release might be a necessary remedy, most challenges to the constitutional adequacy of medical care should proceed as civil rights claims . . . .").  The First Circuit's ruling in Brennan v. Cunningham, that a prisoner's claim for reinstatement in a halfway house/work release program could proceed as a habeas petition, supports this position.  813 F.2d 1, 4-5 (1st Cir. 1987).  Therefore, Fox's claim that his misclassification resulted in denial of transfer to a halfway house is more appropriately construed as a habeas petition.  See Kane, 319 F. Supp. 2d at 215 (treating an improperly filed habeas

petition as if it were filed as a civil rights claim); see also
Fiero v. Gomez, 77 F.3d 301, 305 (9th Cir. 1996) (holding that a
court may construe a section 1983 complaint as a habeas petition
and vice versa), vacated on other grounds, 519 U.S. 918 (1996).
Amendment of this action is not required, and this order will
serve as notice to the parties that the denial of transfer claim
will go forward as a habeas petition.  See Kane, 319 F. Supp. 2d
at 216.

Lappin and Winn correctly argue that a civil action as to
prison conditions brought prior to the exhaustion of
administrative remedies must be dismissed.  Resp't's Resp. at 8;
42 U.S.C. § 1997e(a) ("No action shall be brought with respect to
prison conditions under . . . Federal law, by a prisoner confined
in any . . . correctional facility until such administrative
remedies as are available are exhausted.").  The Prison
Litigation Reform Act requires dismissal of civil actions
regarding prison conditions if brought prior to the exhaustion of
administrative remedies.  Oladukun v. Winn, No. 04-40198-RWZ,
2005 U.S. Dist. LEXIS 17046, at *4 (D. Mass. Aug. 16, 2005)
(Zobel, J.) (unpublished opinion).  The Reform Act, however, does
not apply to habeas proceedings.  Kane, 319 F. Supp. 2d at 213
n.84.  Even if the habeas claim is the type of federal prisoner
claim that requires exhaustion of administrative remedies, cf.
Oladukun, 2005 U.S. Dist. LEXIS 17046, at *4-5 (holding that

judicial review of any jail time credit determination by the
Bureau occurs after administrative remedies are exhausted),
because that exhaustion is not statutorily mandated, the court
does not have to dismiss the claim, see id. at *7 (allowing
plaintiff to file an amended complaint once the administrative
remedies are exhausted).  Since Fox's denial of transfer
challenge is properly a habeas petition, and since his
administrative remedies are now exhausted, this claim can
proceed.


**B.    Fox's Notification Challenge is Properly Before The
        Court**

The second half of Fox's claim relating to the notification
requirement of the statute[3], see 18 U.S.C. § 4042(c)(2), is
properly brought by him as a petition for a declaratory judgment.
Notification claims do not relate to the fact or duration of
confinement, therefore challenge to a notification requirement is
not properly brought as a habeas petition.  See Bunn v. Conley,
309 F.3d 1002, 1008-09 (7th Cir. 2002) ("The notification scheme
[under 18 U.S.C § 4042(b) governing violent offender
notification] in no way affects the duration, much less the fact,
of confinement."); Henrikson v. Guzik, 249 F.3d 395, 397 n.4 (5th

---

[3]  The statute also requires Fox to register as a sex
offender.  Fox does not mention the registration requirement, but
it is required by statute in conjunction with notification.

7

Cir. 2001) (holding that "because Henrikson is not challenging the fact or duration of his confinement, subject matter jurisdiction is not present under [28 U.S.] §2241"); Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998) (construing habeas petition challenging notification as an action seeking declaratory judgment).  Although this Court in Kane suggested a more expansive view of the role of habeas petitions, the notification requirement falls outside the boundaries articulated in Kane.  Notification does not relate to a prisoner's conditions of confinement but affects life upon release from prison.  As the Seventh Circuit noted, this claim "looks much more like one challenging a civil disability that outlasts his prison sentence."  See Bunn, 309 F.3d at 1008.

Since the Declaratory Judgement Act does not provide the Court with independent jurisdiction over a case, there are two ways the Court has federal question jurisdiction over a civil claim challenging a Bureau classification: through a claim against the person actually making the notification under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) or a claim against the Bureau under the provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 et seq. Bunn, 309 F.3d at 1009; Simmons v. Nash, 361 F. Supp. 2d 452, 455 (D.N.J. 2005).

8

If the notification challenge is construed as a claim under
the APA, the agency action must be final to be subject to
judicial review.  5 U.S.C. § 704.  This requirement of finality
is different from the requirement of exhaustion of remedies.
Darby v. Cisneros, 509 U.S. 137, 144 (1993).

> The finality requirement is concerned with whether the
> initial decisionmaker has arrived at a definitive
> position on the issue that inflicts an actual, concrete
> injury; the exhaustion requirement generally refers to
> administrative and judicial procedures by which an
> injured party may seek review of an adverse decision
> and obtain a remedy if the decision is found to be
> unlawful or otherwise inappropriate.

Id. (citation and internal quotation marks omitted).  The First
Circuit has ruled that an agency action "is final if it
constitutes a definitive statement of the agency's position with
direct and immediate consequences."  Association of Int'l Auto
Mfrs. v. Commisioner, Mass. Dep't Envtl. Prot., 208 F.3d 1, 5
(1st Cir. 2000) (citation and internal quotation marks omitted).

Though Fox has now exhausted his administrative remedies, it
is worth noting that to dismiss the notification challenge under
the APA for failure to exhaust as proposed by Winn and Lappin,
see Resp't's Resp. at 7-8, they would need to show that the
Bureau's rules require exhaustion of administrative remedies for
claims that do not relate to prison conditions.  See Trafalgar
Capital Assocs. v. Cuomo, 159 F.3d 21, 36 n.15 (1st Cir. 1998)
(noting that for a claim brought under the APA, courts may not
exercise judicial discretion to require exhaustion of remedies if

9

the statute or agency rules do not otherwise require exhaustion).[4]  In this case, either the initial classification of Fox as a sex offender <u>or</u> any of the detailed responses to Fox denying his administrative requests for relief[5], coupled with Fox's impending release is sufficient for this Court to consider the Bureau's classification of Fox as final.  <u>See</u> <u>Simmons</u>, 361 F. Supp. 2d at 453, 455 (holding that the Bureau classification of Petitioner as a sex offender was final where Petitioner's scheduled release was only weeks away).

If the notification challenge is construed as a <u>Bivens</u> action, the claim would be against the relevant officials in their individual capacity.  <u>See</u> <u>Bunn</u>, 309 F.3d at 1009

---

[4]  If exhaustion did apply, there are three exceptions to the exhaustion requirement: 1) where unreasonable or indefinite delay threatens to unduly prejudice the subsequent bringing of a judicial action or if a particular plaintiff will suffer irreparable harm if unable to secure immediate judicial consideration; 2) if substantial doubt exists as to whether the agency can grant meaningful redress; and 3) where there are clear objectively verifiable indicia of administrative taint.  <u>Portela-Gonzalez</u> v. <u>Secretary of the Navy</u>, 109 F.3d 74, 77 (1st Cir. 1997).  In this instance, the first reason clearly would apply and preclude dismissal of the notification challenge.

[5]  Regarding the administrative responses, although is clear that Fox did not receive a response to his two requests for administrative relief until after he filed his case in this Court, both of those responses were issued after the regulatorily prescribed 20-day response period.  <u>See</u> Resp't's Resp. at 5 n.1. While one response was only late by two days, the other response, going by the date the filing was stamped as received, was over two weeks late.  Though the responses, if timely submitted, still would have been due after Fox first filed his claim, this Court does not overlook such unexplained delay in determining the equitable result in this case.

(concluding notification claim was unripe because the court did not know which warden would be notifying law enforcement).  There is no apparent problem bringing this claim under <u>Bivens</u>, though this claim seems more appropriately brought against the Bureau and its officials acting in their official capacity.

**III. CONCLUSION**

The Court rejects Winn's and Lapin's argument that dismissal is warranted for failure to exhaust administrative remedies. This case will proceed as a habeas and civil action.

Fox has also sought a writ of mandamus.  This Court held in <u>Kane</u> that mandamus does not apply if other avenues of relief exist.  319 F. Supp. 2d at 212.  Therefore, Fox's claim for mandamus relief is DENIED.

The Court reserves its judgement as to Fox's request for a preliminary injunction.

The Court orders the amicus Federal Defenders Office to submit a brief in this matter addressing Respondents' substantive arguments.  The brief is due three weeks from the date of this order.  Respondents and Petitioner have one week to file a reply.

SO ORDERED.

/s/ William G. Young
_____
WILLIAM G. YOUNG
CHIEF JUDGE

11