UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES FOX, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>HARLEY LAPPIN, Director of the Federal )<br>Bureau of Prisons, and DAVID L. WINN, Warden, )<br>)<br>Respondents. )<br>) | Civil Action No. 05-40106 (WGY) |

### RESPONDENTS' REPLY MEMORANDUM

Amicus conflates two separate questions before the Court: (1) whether the Bureau of Prisons ("BOP") had discretion to deny petitioner a transfer to a halfway house because it applied to him a Public Safety Factor ("PSF") of sex offender based on his 1981 state conviction for second degree sexual assault, and petitioner then refused to participate in a Sex Offender Management Program ("SOMP"), and (2) whether petitioner's state conviction was a "sexual offense" for purposes of 18 U.S.C. § 4042(c)(4)(E), thereby obligating the BOP to notify state and local authorities that petitioner must register as a sex offender upon his release. See 18 U.S.C. § 4042(c)(1) and (2).

The answer to the first question has nothing to do with the answer to the second question because, contrary to Amicus' assertion (see Memorandum of Amicus Curiae at 6), the BOP's application of a sex offender PSF to petitioner did not depend in any way on whether petitioner's state conviction was a "sexual offense" for purposes of 18 U.S.C. § 4042(c)(4)(E). In attempting to link the PSF classification at issue in this case with 18 U.S.C. § 4042(c)(4)(E), Amicus asserts, without any support, that the BOP based petitioner's PSF classification on the catch-all element,

1

Section F(6), of the "sex offender" definition in Program Statement 5100.07.  In fact, as respondents explained in their opening brief (see Respondents' Response at 3-4), petitioner's criminal history qualified him for a "sex offender" PSF under Section F(1), a separate and independent element of the definition in BOP Program Statement 5100.07 ("Engaging in sexual contact with another person without obtaining permission to do so (forcible rape, sexual assault or sexual battery)").  Section F(1) does not derive from, or make reference to (directly or indirectly), 18 U.S.C. § 4042(c)(4)(E).  Accordingly, Amicus errs in suggesting that the BOP could have applied a sex offender PSF to petitioner only if he committed one of the sexual offenses described in 18 U.S.C. § 4042(c)(4)(E).  See Memorandum of Amicus Curiae at 12.  Rather, petitioner's criminal history justified the BOP's application of the sex offender PSF under Section F(1) of the Program Statement.

  Given his criminal history and PSF classification, Petitioner deprived himself of eligibility for transfer to a halfway house by refusing to participate in the BOP's SOMP.  See Memorandum of Amicus Curiae at 3 ("[T]he unit team recommended that Fox be denied consideration for halfway house placement because he refused to participate in SOMP. . . .").  In their opening brief, respondents cited a long line of cases to support their contention that the BOP had discretion to deny petitioner transfer to a halfway house if he would not participate in the SOMP.  See Respondents' Response at 11-12.  Amicus cites no contrary authority.

  On the separate question whether petitioner's state conviction was a "sexual offense" for purposes of 18 U.S.C. § 4042(c)(4)(E), respondents rely on the arguments set forth in their opening brief.  See Respondents' Response at 13-16.  Respondents further restate that, even if petitioner's state conviction were not a "sexual offense" for purposes of 18 U.S.C.

§ 4042(c)(4)(E), the Court still should deny petitioner's request for injunctive relief, because the BOP is not prohibited from notifying state and local authorities in any event. See id. at 16.

                                  Respectfully submitted,

                                  MICHAEL J. SULLIVAN
                                United States Attorney

Dated: December 30, 2005

By: /s/ Gregg Shapiro
     GREGG SHAPIRO
     Assistant United States Attorney
     One Courthouse Way, Suite 9200
     Boston, MA 02210
     (617) 748-3366

**Certificate of Service**

     I hereby certify that a copy of the above document was served by first-class mail this 30th day of December 2005, upon Charles Fox, Reg. No. 02972-088, FMC Devens, P.O. Box 879, Ayer, MA 01432.

/s/ Gregg Shapiro
Gregg Shapiro
Assistant United States Attorney